**In re SUPPLES' ESTATE.**

No. 10526.

Court of Civil Appeals of Texas.
San Antonio.

June 21, 1939.

Rehearing Denied July 19, 1939.

D. H. Fly, of Hondo, and John P. Pfeiffer, of San Antonio, for appellant.

Spears, Conger, Baskin & Spears, Johnson & Rogers, R. H. Mercer, and Martin S. Tudyk, all of San Antonio, for appellee.

MURRAY, Justice.

This suit is the consolidation of two matters originating in the Probate Court of Bexar County.

One of the matters in the probate court was in the nature of a bill of review seeking to set aside an order of the probate court dated January 22, 1936, approving certain expenditures made by John T. Hildebrandt, as guardian of the estate of Michael L. Supples, N. C. M., as well as certain expenditures made by Josephine Hildebrandt as a subsequent guardian of

M. L. Supples, N. C. M., and further seeking to set aside an order dated January 28, 1936, of said probate court approving the final account of John T. Hildebrandt, former guardian, then deceased, which was filed on his behalf by his wife, Josephine Hildebrandt. The probate court sustained the bill of review and entered an order setting aside the order of January 22, 1936, and the order of January 28, 1936, and appeal from this order was taken to the District Court of Bexar County, 73rd Judicial District, by Josephine Hildebrandt, Aetna Casualty & Surety Company, surety on the bond of John T. Hildebrandt, as guardian, and the Maryland Casualty Company, as surety on the bond of Mrs. Josephine Hildebrandt as a subsequent guardian of the estate of Michael L. Supples, N. C. M.

The other matter was an appeal from an order dated August 25, 1937, sustaining some of the exceptions to the final account of Josephine Hildebrandt, guardian of the estate of Michael L. Supples, N. C. M., and ordering her to restate her final account.

These two matters were consolidated in the District Court and heard before the court, without the intervention of a jury. Judgment was entered dismissing the bill of review for want of jurisdiction, because there was a lack of necessary parties, and approving the final account of Josephine Hildebrandt, guardian, after requiring a remittitur of $109.08. The judgment further provided that the two orders of the probate court, cancellation of which were sought by the bill of review, should not be disturbed in any respect.

From this judgment A. T. Forst, as administrator of the estate of Michael L. Supples, deceased, has prosecuted this appeal.

The trial judge made and filed the following findings of facts:

"Preliminary Statement

"The record before the Court indicates that Michael L. Supples was adjudged a person of unsound mind by the Bexar County Probate Court in June, 1933; that on or about the 19th day of June, 1933, John T. Hildebrandt was appointed guardian of the estate of Michael L. Supples, N. C. M., at which time he took his oath of office and gave a bond as required by law, with Aetna Casualty & Surety Company as surety; that said John T. Hildebrandt remained guardian of said estate until the time of his death on August 18, 1934; that upon the death of the said John T. Hildebrandt, his wife, Josephine Hildebrandt, made an application to be appointed guardian of the estate of Michael L. Supples, N. C. M., and thereafter on the 4th day of September, 1934, was appointed such guardian, took her oath of office and gave a bond as required by law, with the Maryland Casualty Company as surety; that thereafter on January 22, 1936, the Probate Court of Bexar County, Texas, entered an order approving certain expenditures made by John T. Hildebrandt, guardian deceased, as well as certain expenditures made by Josephine Hildebrandt, guardian of said estate, without an alleged prior authorization of the Bexar County Probate Court; that thereafter on January 28, 1936, the Bexar County Probate Court entered an order approving the Final Account of John T. Hildebrandt, guardian deceased, which was filed on his behalf by his wife, Josephine Hildebrandt; that thereafter said Josephine Hildebrandt continued to be guardian of said estate until the time of the death of the said Michael L. Supples, N. C. M., on January 31, 1937; that 2 weeks later, on February 15, 1937, Josephine Hildebrandt filed her Final Account in said estate; that thereafter on the 24th day of February, 1937, A. T. Forst was appointed administrator of the estate of Michael L. Supples, deceased, at which time he took the oath of office, gave bond and in all other things qualified as required by law; that on the 13th day of May, 1937, said administrator filed an Application for a Bill of Review, joining therein Josephine Hildebrandt, the guardian, and the surety on her bond, the Maryland Casualty Company, and also the Aetna Casualty & Surety Company, which had been surety on the bond of John T. Hildebrandt, deceased guardian; that said Bill of Review sought to set aside the above and foregoing mentioned order entered by the Probate Court on January 22, 1936, approving certain expenditures made by the deceased guardian, John T. Hildebrandt, and the living guardian, Josephine Hildebrandt, as well as seeking to set aside the order of the Probate Court approving the Final Account of John T. Hildebrandt, deceased, filed on his behalf by Josephine Hildebrandt; that on the 18th day of August, 1937, said administrator also filed his Second Amended exceptions to the Final Account filed by Josephine Hildebrandt, guardian of said estate; that thereafter on August 3, 1937, said Ap-

plication for a Bill of Review came on for a hearing and the Probate Court set aside the order of January 22, 1936, approving certain expenditures and also set aside the order entered by it on January 28, 1936, approving the final account of John T. Hildebrandt, guardian deceased, to which action of the Court said Joseph-, ine Hildebrandt, guardian, Maryland Casualty Company and Aetna Casualty & Surety Company gave notice of appeal and duly filed their appeal bonds to this District Court; that thereafter on the 25th day of August, 1937, came on for a hearing said administrator's exceptions to the Final Account of Josephine Hildebrandt, guardian, at which time the Probate Court entered an order sustaining some of said special exceptions and ordering said guardian to re-state her Final Account, to which action of the Court, said Josephine Hildebrandt and Maryland Casualty Company duly excepted and gave notice of appeal to this Court and in due time filed their appeal bonds and perfected their appeal to this Court; that thereafter on the 21st day of March, 1938, came on for a hearing the motion of said Administrator to consolidate all of said appeals and to try all the matters in controversy in one case, which motion was by this Court in all things granted.

"Findings of Fact and Conclusions of Law

"1. On March 21, 1938, came on for a hearing the Administrator's Application for a Bill of Review, and also Josephine Hildebrandt's Final Account in said guardianship, upon the consolidated appeals as aforesaid. The introduction of evidence by all parties concerned consumed two days, i. e. March 21st and 22nd, 1938. At end of the second day all parties having closed their evidence in the consolidated cases, it was suggested by the parties before the Court and agreed by all of them in open court that said case was closed for all purposes and that the court would not thereafter re-open said case, either for the filing of additional pleadings, or for the introduction of further evidence, or for any other purpose, which agreement between all the parties was assented to by the Court, at which time the court further instructed the attorneys for all parties to present their argument to the Court on the following day, which was Wednesday, March 23, 1938.

"2. On the opening day of the trial, (March 21, 1938), the Administrator A. T. Forst, put on his evidence in support of his Application for a Bill of Review, seeking to set aside the following mentioned orders of the Probate Court: (a) 'Order Approving Certain Hereinafter Listed Expenditures,' dated January 22, 1936, and (b) 'Order Approving Final Account of Deceased Guardian,' dated January 28, 1936; after introducing his evidence the administrator rested. Thereupon Josephine Hildebrandt, guardian, proceeded to prove up her Final Account, and did so prove up same, as will hereinafter be more fully set out. After such showing the Guardian rested, without introducing any evidence in rebuttal of the Administrator's evidence introduced in support of his Application for a Bill of Review. Thereupon, the Administrator closed, without urging any objections or exceptions to the Guardian's Final Account, and without introducing any evidence in rebuttal of the evidence introduced by the Guardian in support of her Final Account; and thereupon, the Guardian, Josephine Hildebrandt, as well as the Maryland Casualty Company and Aetna Casualty & Surety Company, closed their cases, and upon the suggestion by one of the parties to the litigation, the above and foregoing stipulation was entered into, which has already been mentioned in paragraph No. 1 above, about closing the case for all purposes.

"3. On March 23, 1938, the Court, after hearing argument of counsel representing the Administrator, the Guardian, Josephine Hildebrandt, the Maryland Casualty Company, and the Aetna Casualty & Surety Company, and after duly considering same in connection with the pleadings and evidence introduced upon the trial hereof, makes the following findings:

"a. That the Administrator's Application for a Bill of Review, must fail and be dismissed by this Court for want of jurisdiction, insofar as it attacks the order of January 22, 1936, approving certain expenditures made by John T. Hildebrandt, deceased guardian, because there is a want of necessary parties to said Application for Bill of Review, because neither the heirs-at-law of John T. Hildebrandt, deceased, (guardian) nor his personal representative are made a party thereto, consequently such a proceeding by a Bill of Review is a collateral attack on said final order of the Probate Court, valid on its face, therefore,

this Court has no jurisdiction to hear same on appeal.

"b. That the Administrator's Application for a Bill of Review, must fail and be dismissed by this Court for want of jurisdiction, insofar as it attacks the order of January 28, 1936, approving the Final Account filed on behalf of the deceased guardian, John T. Hildebrandt, for want of necessary parties to said Application, because neither the heirs-at-law, nor personal representatives of John T. Hildebrandt, deceased, are made parties to such proceeding.

"c. That the administrator's Application for a Bill of Review, must fail and be denied by this Court, insofar as it attacks the order of January 22, 1936, approving certain expenditures made by Josephine Hildebrandt, Guardian, because it is a valid order on its face, and the Court is of the opinion, that in order for the Administrator to be entitled to the relief prayed for, it was incumbent upon him to both allege and prove that such alleged expenditures made by Josephine Hildebrandt, guardian, without alleged prior order of the Probate Court, (and later approved by said order of January 22, 1936) were made out of the corpus of the ward's estate, and not out of the clear income thereof. However, there is neither pleading, nor proof by the Administrator showing such facts. As far as the pleadings and evidence before this Court show, the expenditures made without alleged prior order of Court and later approved by said order, were and could have been made out of the clear income of the ward's estate, in which event, this Court is of the opinion that the Probate Court would have been fully authorized and empowered under the law to enter the order in question approving such prior made expenditures. Therefore, for said reason this Court is of the opinion that said order of January 22, 1936, must stand.

"d. That the Administrator's Application for a Bill of Review, must be denied by this Court, insofar as it attacks the order of January 22, 1936, approving certain expenditures made by Josephine Hildebrandt, guardian, because it is a valid order on its face and the Court is of the further opinion, that it was incumbent on A. T. Forst, Administrator, to both allege and prove that such expenditures made without alleged prior order of the Probate Court, and later approved by the order in question, were not emergency expenditures, which under the law the guardian would have been authorized to make out of the corpus of the estate, without prior order of the Probate Court. In this respect, the Court is of the opinion, that the Administrator's pleading and proof has wholly failed, and therefore, his Bill of Review must be denied.

"e. That the Administrator, after the close of the Argument of Counsel for Josephine Hildebrandt, guardian, Maryland Casualty Company, and Aetna Casualty & Surety Company, on March 23, 1938, asked leave of the Court to file trial amendment setting up the above and foregoing matters listed in paragraph c hereof, which he had failed to allege and prove, but the Court was and is of the opinion that he had precluded himself from doing so by entering into the above and foregoing stipulation set out in paragraph No. 1 hereof, in regard to the closing of the case for all purposes.

"f. That the Final Account of Josephine Hildebrandt, guardian of said estate should in all things be approved, and said guardian discharged, for this: that said Final Account shows what property was taken over by the guardian at the time of her appointment on September 4, 1934, as well as all the property and money collected by her for said estate from time of her appointment until the time of the filing of said Guardian's Final Account on February 15, 1937. Said Account further shows all the expenditures made by said estate during said period of time, and it was further shown to the satisfaction of the Court that all said expenditures which required prior authorization or subsequent approval of the Court are all supported by orders of the Probate Court of Bexar County, Texas, valid on their face, and that all other expenditures which were made by said guardian were such expenditures as did not need a prior authorization, or subsequent approval, and that such expenditures were reasonable, just and necessary in the proper management of said estate; and the Court further finds that said guardian has a correct balance of monies and property, both real and personal, left on hand, for the purpose of turning same over to the person or persons who may be entitled to receive same by law; and the Court further finds that said Final Account is in

all things just, true and correct, and should in all things be approved, except that said guardian has charged commissions in the sum of $109.08 in excess of the amount allowed by law, and therefore, she has been required to enter a remittitur for such amount in the judgment of this Court, all as more fully set out in the judgment of this Court.

"g. The Court further finds that the Administrator failed to urge any exceptions or objections to the Guardian's Final Account during the pendency of the trial; and also wholly failed to introduce any evidence in rebuttal of any of the evidence offered by the guardian in support of such Final Account."

■ The trial court filed further findings of facts, but as these findings were filed more than five days after they were requested by appellant they were not filed within the time required by law and cannot be here considered. Art. 2247a, Vernon's Revised Civil Statutes, Acts 1931, 42nd Leg. p. 118, Ch. 76, § 2. See, also, Ivey v. Neyland, Tex.Civ.App., 11 S.W. 2d 608; De Bruin v. Santo Domingo Land, etc., Tex.Civ.App., 194 S.W. 654.

■■ By his first proposition appellant contends that the trial court committed error in dismissing the bill of review, not only insofar as it related to the administration of the estate by John T. Hildebrandt, but also insofar as it related to the administration of the estate by Josephine Hildebrandt. It is quite clear that the bill of review was properly dismissed as to John T. Hildebrandt, deceased, for the reason that there was a want of necessary parties, in that neither the heirs nor personal representatives of John T. Hildebrandt had been made parties defendant in the bill of review. It is equally clear that it would be improper to dismiss the bill insofar as it affected Josephine Hildebrandt, guardian, because she was a party to the bill, and if the judgment should be construed as dismissing the bill insofar as it affected her, it would appear that the judgment was erroneously rendered.

■ The question then arises, can the judgment be construed as only dismissing the bill as to John T. Hildebrandt, deceased? The court did not dismiss Josephine Hildebrandt for the suit but proceeded to consider her final account and approve the same. This presents such a conflict in the

judgment that this Court may construe the first part of the judgment in the light of the subsequent provision of the same.

■ In 25 Tex.Jur. p. 459, par. 87, it is stated: "If the judgment is ambiguous application is made of the familiar rules of construction, such as that effect will be given to reasonable intendments, that a writing will be made to harmonize with the facts, that the circumstances will be considered, and that a common sense construction will be put on language as a whole. If possible, a judgment will be literally construed so as to make it serviceable instead of useless. * * * Especially are these rules to be applied when the manifest intention of the parties is thereby given effect."

■ In 25 Tex.Jur. p. 461, par. 89, it is stated: "In construing an ambiguous judgment it is always proper for the court to look to the entire record (including the citation), the pleadings, the issues made in the case, the testimony offered in support of pleadings, the charge, the fact or facts found by the court, and other proceedings leading up to the judgment."

■ When these rules of construction are applied and the entire record is looked to, including the findings made by the trial court, the judgment must be construed as dismissing the bill of review insofar as it attempted to review the orders affecting the administration of the estate by John T. Hildebrandt, but not dismissing it insofar as it affected Josephine Hildebrandt. We therefore overrule appellant's first proposition. ·

The above holding also calls for the overruling of appellant's propositions two and three.

■ Appellant next contends that it was error for the court to approve the final account of Josephine Hildebrandt, guardian of the estate of M. L. Supples, N. C. M., because the same showed upon its face that she had expended money in excess of the income of the estate. The trial judge found, among other things, that there was neither pleading nor proof to show that such expenditures were not made out of the clear income of the ward's estate, and likewise there was neither pleading nor proof that such expenditures were not emergency expenditures. These findings are supported by the record and are binding upon this Court. Therefore, it is not

shown that the probate order, dated January 22, 1936, insofar as it approves the expenditures made by Josephine Hildebrandt, is a voidable order, and such order must be held to be a valid order. So long as this order stands it is an adjudication of such matters.

■ The trial court required Josephine Hildebrandt to file a remittitur of the sum of $109.08, which was found by him to be an overcharge of commissions by her. All other items on the final account were found by the trial court to be proper charges against the estate and such finding is supported by the evidence, except the one item of $191.71, which was paid by Josephine Hildebrandt as guardian of the estate of M. L. Supples, N. C. M., to herself as independent executrix of the estate of her deceased husband, John T. Hildebrandt. The $191.71 was supposed to cover the amount of the commission due to John T. Hildebrandt for services rendered while he was acting as guardian of the estate of Michael L. Supples, N. C. M. This item was allowed by the order of January 27, 1936, but this order was void because it was made and entered after the death of John T. Hildebrandt, and after the jurisdiction of the probate court had ceased to exist. Timmins v. Bonner & Long, 58 Tex. 554, 561; American Bonding Co. v. Logan, Tex.Civ.App., 132 S. W. 894.

■ The trial judge should have required a further remittitur of this sum before approving the final account of Josephine Hildebrandt. However, with this exception we find no error in the court's action whereby he approved her final account.

■ The court did not err in refusing to permit appellant to file a trial amendment after the evidence had been closed. There is nothing in the record to indicate that the court abused his discretion in not permitting the filing of a trial amendment and unless an abuse of discretion is shown there is no error in such refusal. Such matters are addressed to the sound discretion of the trial court.

■ The judgment will be affirmed provided Josephine Hildebrandt files herein a remittitur in the sum of $191.71, otherwise the cause as to her and the Maryland Casualty Company will be reversed and remanded. The costs of this appeal will be taxed against Josephine Hildebrandt and Maryland Casualty Company in either event.