BINBEN v. CONTINENTAL CASUALTY COMPANY.

1. JUDGMENT—COLLATERAL ATTACK—DIVORCE.

The validity of an unappealed divorce judgment may not be attacked by third parties except for lack of jurisdiction.

2. INSURANCE—DIVORCE—JUDGMENT—BENEFICIARIES.

An insurance policy on a divorced husband's life becomes payable to his estate, *unless otherwise ordered* in divorce judgment, if there is no beneficiary designated by him (CL 1948, § 552.101).

3. SAME—DIVORCE—BENEFICIARIES—JUDGMENT—DESIGNATION.

Proceeds of an insurance policy on a divorced husband's life are not payable to his estate where there is a provision in the judgment ordering irrevocable designation of his 2 children as beneficiaries, such proceeds being payable to his estate only in the absence of any provision in the judgment of divorce or his own designation respecting beneficiaries (CL 1948, § 552.101).

4. SAME—BENEFICIARIES UNDER DIVORCE JUDGMENT.

Plaintiffs, children of deceased, *held*, entitled to proceeds of insurance policies where divorce judgment ordered irrevocable designation by husband of his minor children as beneficiaries, despite failure of insured to execute formal change of beneficiary (CL 1948, § 552.101).

Appeal from Wayne; Bohn (Theodore R.), J. Submitted Division 1 June 7, 1967, at Detroit. (Docket No. 2,028.) Decided December 6, 1967. Rehearing denied January 15, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 477, 478.
[2–4] 24 Am Jur 2d, Divorce and Separation §§ 834, 932.

Complaint by Linda Lee Binben and Sharon K. Binben, minors, by Lucy K. Binben, their guardian, against Continental Casualty Company and Continental Assurance Company, foreign corporations, for proceeds of insurance policies on the life of William W. Binben, deceased. Defendants moved to interplead Mary Lou Binben, widow of William W. Binben, as party defendant. Order of interpleader filed and defendant insurers discharged after payment of proceeds into court. Mary Lou Binben, individually and as administratrix of the estate of William W. Binben, was added as defendant. Judgment for plaintiffs. Defendant Mary Lou Binben, administratrix, appeals. Affirmed.

*Frank Selwa* and *Anthony J. Szymanski,* for plaintiffs.

*Joseph R. Zanglin,* for defendant Mary Lou Binben, administratrix.

McGregor, J. Linda Lee Binben and Sharon Kay Binben, plaintiffs herein, are the minor children of William Binben and Lucy K. Binben. The father, William Binben, died on January 29, 1964. The parents were divorced by a judgment of divorce entered on May 29, 1963. Among other provisions, the following appears in the judgment of divorce:

"Insurance provision
"It is further ordered and adjudged that the defendant, William W. Binben, shall designate as beneficiaries, his two minor children, Linda Lee Binben and Sharon Kay Binben, share and share alike, irrevocably, in all insurance policies now in force on the life of said defendant. Any insurance on the lives of the children or the plaintiff herein, shall be the sole and separate property of the plain-

tiff herein, free and clear of any claims on the part of the defendant herein;

"It is further ordered and adjudged that the defendant, William W. Binben, shall execute and deliver unto the plaintiff, any instruments necessary to carry out the above insurance provision."

At the time of the entry of the judgment of divorce and at the time of his death, William Binben was insured by the Continental Casualty Company and the Continental Assurance Company, defendants herein, for $3,000. His former wife, Lucy K. Binben, was designated as beneficiary on both policies. William Binben, during his lifetime, did not execute a formal change of beneficiary after the entry of such judgment of divorce to make these policies payable to his children, and at the time of his death his former wife, Lucy K. Binben, the originally designated beneficiary, remained so on the policies. She, in turn, assigned any possible interest she might have under such policies to the minor children, plaintiffs herein, under an assignment attached to the original complaint.

Mary Lou Binben, the added defendant herein, is the second wife and widow of William Binben, who now claims the proceeds of this insurance as his heir at law, individually, and as administratrix of the estate of her deceased husband.

Suit was filed in behalf of the minors against the insurance companies, who filed counterclaims of interpleader, and under a court order the proceeds of these insurance policies were paid by the insurance companies into the office of the clerk of the court.

The only question involved is whether the plaintiffs are entitled to the proceeds of these insurance policies by virtue of the provisions of the judgment of divorce, the assignment of interest by Lucy K. Binben to the plaintiffs, and by virtue of the pro-

visions of CL 1948, § 552.101 (Stat Ann 1957 Rev § 25.131).

The position of the added defendant, the second wife of the insured, is that she, as administratrix of the estate of her deceased husband and heir at law, is entitled to the proceeds under the provisions of the same section, CL 1948, § 552.101.

The facts and the applicable law support the findings of the trial court.

The provisions of CL 1948, § 552.101 read in part as follows:

"Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment or annuity upon the life of the husband in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, and *unless otherwise ordered in said decree such policy or contract shall thereupon become and be payable to the estate of the husband or to such named beneficiary as he shall affirmatively designate:* Provided, that the company issuing such policy or contract shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or on behalf of the insured or 1 of the heirs of the insured, or any other person having an interest in such policy or contract of a claim thereunder and the aforesaid divorce." (Emphasis added.)

Appellant here seeks to attack the ruling of the trial court in the divorce proceedings. That is not the same as attacking the authority of the court to make such ruling. In *Couyoumjian* v. *Anspach* (1960), 360 Mich 371, it was held that the validity of an unappealed decree of divorce may not be

attacked by third parties except for lack of jurisdiction.

The insurance provision of the judgment of divorce, as hereinbefore quoted, is clear. Obviously, the purpose of the insurance provision in the judgment of divorce was to provide some means of support for the minor children in the event of the death of the defendant husband.

Under the statute, *unless otherwise ordered* in said decree, such policy or contract shall thereupon become and be payable to the estate of the husband. The insurance provision in the decree clearly authorizes payment of the insurance benefits to the two minor children. It would appear that no other construction can be followed than the plain language of the statute in this case. It is only in the absence of any provision in the decree that the proceeds are payable to the estate.

In *Minnesota Mutual Life Insurance Company* v. *Hendrick* (1946), 316 Mich 253, 256, the Court, in referring to the identical Michigan statute, stated:

"As it was not otherwise ordered in the divorce decree, the policy became and was payable to the estate of the husband, there being no other beneficiary whom he affirmatively designated."

Further, in *McCoy* v. *McCoy* (1947), 317 Mich 478, the Supreme Court in considering the provisions of the same statute, modified the judgment to conform with the statute, in view of the absence of any provision in the decree covering the parties' interests in certain policies of insurance.

The added defendant, Mary Lou Binben, or Mary Lou Binben as administratrix of the estate of William W. Binben, deceased, is not entitled to the proceeds of the policy, either as a beneficiary, heir, or under the terms of the statute. The insurance provision in the judgment of divorce designated as

beneficiaries the two minor children, Linda Lee Binben and Sharon K. Binben, share and share alike, irrevocably, in all insurance policies then in force on their father, the divorce defendant, and such judgment of divorce provisions may not be successfully attacked by the added defendant, as herein attempted.

We affirm the learned trial judge's determination. A judgment may be entered in favor of the plaintiffs for the money paid by the insurance companies into the office of the county clerk. Costs to plaintiffs against the added defendant, Mary Lou Binben, and against the second added defendant, Mary Lou Binben, administratrix of the estate of William W. Binben, deceased.

FITZGERALD, P. J., and LEVIN, J., concurred.