WILTZ v JOHN HANCOCK MUTUAL LIFE INSURANCE
COMPANY

1. INTERPLEADER—EXPOSURE TO MULTIPLE LIABILITY—DEPOSITING PAY-
   MENT WITH COURT—JOINING OTHER DEFENDANTS—COURT
   RULES.

   A defendant who may be exposed to multiple liability in a civil
   action is allowed, upon order of the court, to deposit with the
   court or otherwise preserve or secure by bond an amount
   sufficient to assure payment of the liability admitted, and upon
   payment and hearing the court may discharge the defendant
   from liability and join others as defendants (GCR 1963, 207,
   209, 210.3).

2. INTERPLEADER—EXPOSURE TO MULTIPLE LIABILITY—COURT RULES.

   Interpleader is available to cover any situation of exposure to
   multiple liability (GCR 1963, 210).

3. DIVORCE—INSURANCE—WIFE'S RIGHT TO PROCEEDS—STATUTES.

   A trial court in a divorce action is mandated to determine all
   rights of the wife in and to the proceeds of any policy or
   contract of life insurance (MCLA 552.101).

4. EQUITY—CIRCUIT COURT—DIVORCE—JUDGMENTS—INSURANCE—
   TRANSFERS—VIOLATING JUDGMENTS—SETTING ASIDE TRANSFERS
   —RETURNING TO STATUS QUO—CHANGE IN RELIANCE.

   A circuit court has the authority stemming from its equitable
   jurisdiction to set aside transfers which violate a divorce judg-
   ment and to return the parties to the status quo, and therefore
   may set aside a change of beneficiary under an insurance policy
   especially where there has been no change in position in

· REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 45 Am Jur 2d, Interpleader §§ 26, 38–42.
[3, 4] 24 Am Jur 2d, Divorce and Separation § 932.
43 Am Jur 2d, Insurance § 505.
Propriety and effect of provision in decree in divorce suit in respect
of policy of insurance on life of husband. 145 ALR 522.
Divorce of insured and beneficiary as affecting the latter's right in
life insurance. 175 ALR 1220.

reliance upon the change of beneficiary by a subsequently
named beneficiary of the policy.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted Division 1 January 14, 1975, at Detroit.
(Docket No. 19690.) Decided February 13, 1975.
Leave to appeal denied, 394 Mich 774.

Complaint by Cora Wiltz against John Hancock
Mutual Life Insurance Company for the proceeds
under a contract of insurance and that defendant
pay certain funeral expenses. Cross-claim for inter-
pleader by defendant. Annette G. Wiltz and Swan-
son Funeral Home, Inc., added as cross-defendants.
Defendant John Hancock Mutual Life Insurance
Company discharged from liability after being al-
lowed to deposit with the court the entire sum of
the proceeds under the policy. Judgment for cross-
defendant Annette G. Wiltz. Plaintiff appeals. Af-
firmed. Leave to appeal applied for.

*Lee Deschamps,* for plaintiff.

*Dickinson, Wright, McKean & Cudlip* (by *Dawn
L. Phillips),* for defendant John Hancock Mutual
Life Insurance Company.

*Irving M. Stahl,* for cross-defendant Annette G.
Wiltz.

*Dingell, Hylton & Zemmol,* for cross-defendant
Swanson Funeral Home, Inc.

Before: R. B. BURNS, P. J., and BRONSON and
M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. This appeal arises from the
disposition of the proceeds of a contract of insur-
ance on the life of Percy Paulfry Wiltz, now de-
ceased. Mr. Wiltz was originally married to the

cross-defendant-appellee Annette Wiltz. The couple had five children. In 1969, Mr. Wiltz, an employee of Ford Motor Company, designated on his group life insurance application that his wife at that time, Annette Wiltz, was to be the recipient of any death benefits under the policy. The insurer on this policy was John Hancock Mutual Life Insurance Company (hereafter "John Hancock").

On April 11, 1969, Annette and Percy Wiltz were divorced. The divorce decree provided that Mr. Wiltz was not to change the beneficiary of any policies under which Annette Wiltz was designated as beneficiary at the time of filing the suit for divorce. The judgment further ordered Mr. Wiltz to maintain such insurance. Several weeks after the divorce judgment Percy Wiltz filed a motion to modify the insurance provision of the judgment. This motion was denied on July 18, 1969.

Subsequently, Percy Wiltz married the plaintiff-appellant Cora Wiltz and, in direct violation of the divorce judgment, changed the beneficiary on the life insurance policy from his ex-wife, Annette, to his second wife, Cora Wiltz. On August 9, 1973, Percy Wiltz died. Both Annette and Cora Wiltz now claim the right to the proceeds—Annette Wiltz under the divorce judgment and Cora Wiltz under the insurance contract.

Plaintiff Cora Wiltz brought this action in Wayne County Circuit Court against John Hancock for the proceeds under the insurance contract. Cora Wiltz also requested John Hancock to pay the Swanson Funeral Home, Inc., $2,322.35 from the life insurance proceeds for funeral and burial expenses. The trial court allowed John Hancock to interplead the entire sum of the proceeds, $15,750.00, and then ordered that the insurer be discharged from the suit. In granting defendant's

motion for summary judgment, the trial court held that Annette Wiltz was the proper beneficiary under the reasoning that the divorce judgment invalidated the change of beneficiary. Plaintiff appeals, assigning as error the decision to allow John Hancock to interplead the funds and the ultimate holding delivering the life insurance proceeds to Mr. Wiltz's ex-wife, Annette Wiltz.

GCR 1963, 210.2 allows a defendant who may be exposed to multiple liability, upon order of the court, to deposit with the court (or otherwise preserve or secure by bond) an amount sufficient to assure payment of the liability admitted. Upon payment and hearing, the court may discharge the defendant from liability and join other claimants as defendants under Rule 207 or Rule 209.

The trial court committed no error in allowing John Hancock to interplead. Rule 210 was designed to eliminate the technicalities which formerly limited the use of interpleader. *City of Warren v Mac-Way Construction Co,* 20 Mich App 84; 173 NW2d 767 (1969). Today interpleader is available to cover any situation of exposure to multiple liability under the procedure outlined in GCR 210. *Moore v McDowell,* 54 Mich App 657; 221 NW2d 446 (1974). See also *White v Michigan Life Insurance Co,* 43 Mich App 653; 204 NW2d 772 (1972).

Plaintiff next argues that the trial court was limited to affecting the interests of the parties to the divorce and not the "unvested right" to the insurance proceeds. The argument continues that since the right to the proceeds did not vest until Mr. Wiltz's death, he had a right to change the beneficiary, subject to Annette Wiltz's right either to have the policy assigned to herself or to notify the insurer of the divorce judgment. We cannot

accept plaintiff's limitation on the authority of the trial court or her imposition of duty upon the first Mrs. Wiltz. Consequently, we affirm.

In *Webb v Webb,* 375 Mich 624; 134 NW2d 673 (1965), the Michigan Supreme Court dealt with a similar situation. Along with a bill for absolute divorce, the first wife also obtained injunctive relief restraining the husband from disposing of certain property, including a life insurance policy and a retirement annuity contract. Just prior to his death, however, Mr. Webb redesignated the beneficiary under these two policies to eliminate his ex-wife. The Michigan Supreme Court held that the trial court had been "eminently correct" in ordering a return to the status quo and that the trial court had the general power to do so. 375 Mich at 627; 134 NW2d at 674.

Although *Webb* is factually distinguishable from the present case, the difference does not affect the result. For other cases supporting the conclusion that the transfer of beneficiary should be invalidated, see *White v Michigan Life Insurance Co,* 43 Mich App 653; 204 NW2d 772 (1972), and *Binben v Continental Casualty Co,* 9 Mich App 97; 155 NW2d 883 (1967).

A trial court in a divorce action is mandated by MCLA 552.101; MSA 25.131 to "determine all rights of the wife in and to the proceeds of any policy or contract of life insurance * * * ." Accordingly, we also hold that a trial court does have the authority stemming from its equitable jurisdiction to set aside transfers which violate a divorce judgment and to return the parties to the status quo. This is especially true in cases, such as the present one, where there has been no change in position by the subsequently named beneficiary in reliance upon the transfer.

The judgment of the trial court is affirmed.