Alice F. GUTIERREZ, a/n/f of Janet Gutierrez, Annette Gutierrez and Ruby Ann Gutierrez, Appellant,

v.

Maria O. MADERO a/k/a Mary O. Gutierrez Madero, Appellee.

No. 5096.

Court of Civil Appeals of Texas, Eastland.

March 30, 1978.

Rehearing Denied April 20, 1978.

**186**

John J. Specia, Jr. and H. S. Prashner, Estrada, Ertel & Prashner, San Antonio, for appellant.

Sam C. Bashara, San Antonio, for appellee.

WALTER, Justice.

Alice Gutierrez, former wife of Rudolfo "Rudy" Gutierrez, as next friend of her minor children, Janet, Annette and Ruby Ann, filed suit against Mary O. Gutierrez Madero, mother of Rudy Gutierrez, to impose a constructive trust upon the proceeds of American Capitol Life Insurance Company Policy No. 33–40669 written upon the life of Rudy Gutierrez, deceased. In the alternative, Alice Gutierrez seeks a finding that her minor children are entitled to receive the proceeds from said policy in which the beneficiary was changed from Alice Gutierrez to Mary Madero in violation of the divorce decree entered in *In the Matter of the Marriage of Alice Gutierrez and Rudy Gutierrez.* After a verdict favoring Alice Gutierrez, the trial court rendered a judgment for Mary Madero notwithstanding the verdict from which Alice Gutierrez has appealed. We reverse and render.

Rudy Gutierrez and Alice Gutierrez were divorced on May 8, 1973, in which judgment of divorce appeared the following:

"It is further ORDERED, ADJUDGED and DECREED that:

. . . . .

4. Respondent, RUDY GUTIERREZ, shall keep in full force and effect the present policy of life insurance with the Veterans Administration and the present hospitalization coverage or one comparable thereto, for the benefit of his minor children until each shall have attained the age of eighteen (18) years."

At the time of the divorce, Rudy Gutierrez had two life insurance policies in force, being American Capitol Life Insurance Company Policy No. 33–40669 which had been converted from Servicemen's Group Life Insurance, and American Founders Life Insurance Policy No. 107063. Both policies listed Rudy Gutierrez as the insured and Alice Gutierrez as the beneficiary.

Subsequent to the divorce judgment, Rudy Gutierrez changed the beneficiary of the American Capitol policy to his mother, Mary O. Gutierrez Madero. Rudy Gutierrez died on or about March 5, 1975.

After the death of Rudy Gutierrez, a Judgment Nunc Pro Tunc was entered on motion of Alice Gutierrez which stated that because of clerical error the divorce judgment should have read, "Respondent, RUDY GUTIERREZ, shall keep in full force and effect the life and accident insurance policies for the benefit of his minor children until each shall have attained the age of eighteen (18) years." The court, on motion of Mary Madero, later entered an Order Setting Aside Judgment Entered Nunc Pro Tunc in which it stated:

"The Court stated that at the time the order granting the judgment nunc pro

tunc was entered that it appeared that no adversary existed to challenge the entry of such order, and no adversary hearing was conducted on such motion; that no record was made of the proceedings at which time the order was entered; and no formal presentation of evidence was made in connection with the entry of such order. And now the Court having been made aware of the opposition of Movant herein, the Court is of the opinion, and without in any way commenting upon the merits of the issues presented, that the Motion of the Movant should be granted in order to allow a full presentation of the facts in an adversary hearing."

Thereafter, Alice Gutierrez, as next friend of her minor children, brought this suit against Mary O. Gutierrez Madero.

By agreement of the parties, the proceeds of the American Capitol policy have been placed in a savings account in the names of the attorneys representing each party. The attorneys have agreed to disburse the funds to the party who prevails in this cause.

Trial was before a jury, which found in answer to Special Issues: (1) the designation of the insurance policy in the Decree of Divorce as "the present policy of life insurance with the Veterans Administration" was a result of a mutual mistake of fact; (2) it was the intention of the parties, the lawyers preparing the decree, and the judge who signed the decree that the life insurance policy should have been designated as the American Capitol Insurance Company Policy No. 33–40669; and, (3) the change of beneficiary on the American Capitol policy by Rudy Gutierrez from Alice Gutierrez to Mary Madero was done with the intent to defraud Alice Gutierrez of her rights, if any, to the policy.

Mary Madero relies on Servicemen's Group Life Insurance (S.G.L.I.) Act, 38 U.S.C. Sec. 770(a) and Sec. 770(g) contending these sections prohibit the trial court from awarding the proceeds of the American Capitol policy to anyone but the designated beneficiary. 38 U.S.C. Sec. 770(a) states:

"Any amount of insurance under this subchapter in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence: First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death . . ."

38 U.S.C. Sec. 770(g) states:

"Payments of benefits due or to become due under Servicemen's Group Life Insurance or Veterans' Group Life Insurance made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary . . ."

Alice Gutierrez contends the S.G.L.I. Act, 38 U.S.C. Sec. 765 et seq. is inapplicable because Rudy Gutierrez had converted his Servicemen's Group Life Insurance to a permanent individual policy with American Capitol, and that this successor policy is not subject to the statute.

Sec. 766 of the S.G.L.I. Act authorizes the Administrator to purchase policies of group life insurance which provide for the benefits and include the provisions specified in the Act. Certain regulations have been promulgated as reviewed in *Weymann v. Wilson,* 320 F.Supp. 980 (D.C.Fla.1970):

"Administrative regulations dealing with Servicemen's Group Life Insurance may be found in 38 C.F.R. §§ 9.1–9.34. The administrative office of the insurer pursuant to 38 U.S.C. § 766(a) is designated the Office of Servicemen's Group Life Insurance (hereinafter OSGLI), located at 212 Washington Street, Newark, New Jersey. 38 C.F.R. § 9.1(f). For each month a serviceman is insured under the Act, his uniformed service deducts from his pay and remits to the Veterans Administration the costs of the monthly premium. 38 C.F.R. § 910 . . ."

In 1970, Rudolfo Gutierrez executed an application converting his S.G.L.I. to American Capitol Insurance. The application stated it was "For conversion of Servicemen's Group Life Insurance to an individual policy of life insurance in conformity with the terms of the provisions of said Group insurance for substituting an individual policy." According to Sec. 768(c) of the S.G.L.I. Act, as it existed in 1970, Gutierrez was entitled to a life insurance policy on a plan currently written by the insurance company he selected upon payment of the required premiums and execution of the application for conversion.

Sec. 770(a) and Sec. 770(g) pertain to "Any amount of insurance under this subchapter in force" and "Payments of benefits due or to become due under Servicemen's Group Life Insurance . . ." The American Capitol Insurance policy was not a group policy purchased by the Administrator so as to be "under this subchapter", but rather a permanent individual policy selected by Gutierrez with the premiums being paid directly by Gutierrez. The payments of benefits became due under the American Capitol policy, not the Servicemen's Group policy. The restrictions imposed on Servicemen's Group Life Insurance policies under Sec. 770(a) and Sec. 770(g) of the S.G.L.I. are not applicable to successor policies which have been converted from a S.G.L.I. policy. The trial court was not prohibited by the S.G.L.I. Act from awarding the proceeds of the American Capitol policy to persons other than the designated beneficiary.

Alice Gutierrez contends the Decree of Divorce contained a latent ambiguity as to the "present policy of life insurance with the Veterans Administration" for which the intended purpose of the decree is relevant. The Supreme Court has discussed latent ambiguities in *Harrison v. Manvel Oil Co.,* 142 Tex. 669, 180 S.W.2d 909 (1944): "Latent ambiguity in description is ambiguity, not appearing on the face of the instrument, that arises when the description is applied to the . . . subject matter . . . ."

We have examined the judgment and find the description of the life insurance policy to be so inadequately described as to be ambiguous, particularly when applied to the facts existing at the time of the divorce. It is clear that the judgment ordered Rudy Gutierrez to keep in full force and effect a life insurance policy for the benefit of his minor children. In determining what life insurance policy the judgment referred to, the circumstances surrounding the decree must be considered. The general rule was stated in *Garza v. Fleming,* 323 S.W.2d 152 (Tex.Civ.App.—San Antonio 1959, writ ref. n.r.e.):

> ". . . Moreover, it is settled that 'If the judgment is ambiguous, application is made of familiar rules of construction, such as that effect will be given to reasonable intendments, that a writing will be made to harmonize with the facts, that the circumstances will be considered, and that a common-sense construction will be put on language as a whole.' 25 Tex.Jur. 459, § 87 . . . ."

See also *Keton v. Clark,* 67 S.W.2d 437 (Tex.Civ.App.—Waco 1933, writ ref'd); *Cook v. Smith,* 96 S.W.2d 318 (Tex.Civ.App.—Galveston 1936, writ dism'd); *In re Supples' Estate,* 131 S.W.2d 13 (Tex.Civ.App.—San Antonio 1939, no writ). It was further stated in *Moore v. Horn,* 359 S.W.2d 947 (Tex.Civ.App.—Beaumont 1962, writ ref. n.r.e.):

> ". . . The well established rule is that if a judgment is ambiguous, then extrinsic evidence may be introduced to explain the ambiguity. *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1152 . . . ."

The evidence concerning what policies existed at the time of the divorce and what policy the parties, attorneys and judge intended the decree to refer to is, therefore, relevant in clarifying the ambiguity.

Alice Gutierrez next contends there is some evidence to support the jury's findings to Special Issues 1 and 2 that the designation of the insurance policy in the Decree of Divorce as "the present policy of

life insurance with the Veterans Administration" was the result of a mutual mistake of fact, and that it was the intention of the parties, the lawyers preparing the decree, and the judge who signed the decree that the policy should have been designated as the American Capitol Insurance Company Policy No. 33–40669. In considering these points of error, we must apply the rule stated in *Douglass v. Panama, Inc.,* 504 S.W.2d 776 (Tex.1974):

"... To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict, it must be determined that there is no evidence upon which the jury could have made the findings relied upon. In acting on the motion, all testimony must be considered in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor ..."

It is uncontroverted that there were only two life insurance policies in force at the time of the divorce, the American Capitol policy and the American Founders policy. Alice Gutierrez testified she always referred to the policy in question as the "GI insurance" and did not know the name was actually "American Capitol Insurance Company Policy." The American Capitol policy indicates its quarterly payments were $41.66. A list of monthly expenditures written by Rudolfo Gutierrez included the entry "Veteran Insurance 'Life' 41.66 3 month". Robert Estrada, attorney for Rudolfo Gutierrez during the divorce proceedings, testified the only life insurance policy discussed during the divorce negotiations was the "Veterans' Administration Policy" and that it was referred to as the Veterans' Administration Insurance" because during the course of the negotiations with the other attorney and during the course of the trial with Rudy Gutierrez, "he referred to it as a VA policy". Alfonso Chapa, attorney for Alice Gutierrez during the divorce proceedings, testified it was his understanding that the divorce court ordered Rudy Gutierrez "to continue payments of any and all existing insurance policies of health and life

covering the said children of this marriage: Janet, Annette, and Ruby Ann until such time as each child reaches the majority or until further orders of the court". We find some evidence supporting the jury's findings to Special Issues 1 and 2.

■ Alice Gutierrez next contends a constructive trust should be imposed on the proceeds of the American Capitol policy. Upon the death of Rudy Gutierrez, the minor children of Alice and Rudy Gutierrez acquired an equitable right to the proceeds of the American Capitol policy pursuant to the Decree of Divorce. In failing to maintain his minor children as the beneficiary and redesignating the beneficiary as Mary Madero, Rudy Gutierrez misappropriated the children's interest in the policy. This misappropriation constituted constructive fraud. In order to provide relief to the aggrieved minor children, a constructive trust may be imposed. The purpose of a constructive trust was stated in *Blankenship v. Citizens National Bank of Lubbock,* 449 S.W.2d 77 (Tex.Civ.App.—Amarillo 1969, writ ref. n.r.e.):

"A constructive trust may arise whenever property is acquired or retained under circumstances amounting to fraud. The property is impressed with a constructive trust in order to provide relief against one whom, by any means or in any way against equity and good conscience, either has obtained or holds legal title to property which he ought not in good conscience hold or enjoy. *Deep Oil Development Co. v. Cox,* 224 S.W.2d 312 (Tex.Civ.App., refused, n.r.e.)."

A situation similar to the case at bar was presented in *Hirsch v. Travelers Insurance Co.,* 134 N.J.Super. 466, 341 A.2d 691 (1975). There, the children of Jack and Shirley Hirsch sought a constructive trust on the proceeds of several life insurance policies in which Jack Hirsch was the insured. Jack Hirsch was to designate his children irrevocable beneficiaries pursuant to a divorce decree divorcing him from Shirley Hirsch. After the divorce, Jack Hirsch married defendant Doris Hirsch who was later named

the beneficiary of the policies. Jack Hirsch died and suit followed. The trial court granted Doris Hirsch's motion to dismiss the complaint as to her. The New Jersey Superior Court reversed, holding the children had a cause of action against Doris Hirsch. The court stated:

"One receiving a benefit is liable to make restitution only if the circumstances of its receipt or retention are such that, as between two contestants, it would be unjust for the recipient to retain the benefit. *Restatement, Restitution,* § 1 at 12 (1937); *cf. Brick Tp. v. Vannell,* 55 *N.J.Super.* 583, 595, 151 A.2d 404 (App.Div.1959).

Where two innocent parties are involved and the recipient of a wrongful transfer is a *bona fide* purchaser for value, the recipient will prevail over one seeking to impose a constructive trust. *Restatement, Restitution,* § 172 at 691 (1937); 5 *Scott, Trusts* (3 ed. 1967) § 474 at 3454; *cf. Bajek v. Polack,* 120 N.J.Eq. 104, 107–108, 184 A. 212 (Ch.1936). On the other hand, where the recipient is a gratuitous transferee, she holds the property subject to the equitable rights of the wronged party and a constructive trust can be impressed. *Restatement, Restitution,* § 168 at 684 (1937); 5 *Scott, op.cit.,* §§ 470, 510 at 3444, 3595."

In the present case, Mary Madero was the recipient of the insurance proceeds due to the wrongful beneficiary designation by Rudy Gutierrez. Her rights as a gratuitous transferee are inferior to the equitable rights of the minor children. It would be unjust to allow Mary Madero to benefit from the wrongdoings of Rudy Gutierrez at the expense of the children's rights under the divorce decree. The provisions of the divorce decree should control the disposition of the proceeds of an insurance policy between these contending beneficiaries. *Box v. Southern Farm Bureau Life Insurance Co.,* 526 S.W.2d 787 (Tex.Civ.App.—Corpus Christi 1975, writ ref. n.r.e.); *Travelers Insurance Co. v. Lewis,* 531 P.2d 484 (Utah 1975); *Wiltz v. John Hancock Mutual Life Insurance Co.,* 58 Mich.App. 604, 228 N.W.2d 484 (1975).

Equity regards as done that which ought to have been done. The imposition of a constructive trust on the insurance proceeds for the benefit of the minor children is necessary to place the parties in the position they would be in had Rudy Gutierrez not violated the divorce decree.

Judgment of the trial court is reversed and rendered that a constructive trust be imposed on the proceeds of the American Capitol policy for the benefit of Janet, Annette and Ruby Ann Gutierrez.