PERNICK v BRANDT

Docket No. 132950. Submitted November 10, 1992, at Lansing. Decided May 24, 1993; approved for publication August 24, 1993, at 9:00 A.M. Leave to appeal denied, 444 Mich —.

Cynthia L. Pernick brought an action in the Oakland Circuit Court against Jeraldine E. Brandt, seeking the proceeds from a contract of insurance on the life of Stanley C. Brandt, deceased. The plaintiff claimed an equitable interest in the proceeds of a life insurance policy that named the defendant as the beneficiary on the basis that the decedent had been required by a judgment of divorce from the plaintiff to maintain a $50,000 life insurance policy on his life that named the plaintiff as beneficiary. The trial court, Alice L. Gilbert, J., granted summary disposition for the plaintiff, holding that the plaintiff had an equitable interest in $50,000 of the proceeds of the $100,000 policy that had been acquired by the decedent after he had married the defendant. The defendant appealed.

The Court of Appeals *held:*

The trial court correctly held that the plaintiff had an equitable interest in the proceeds of the insurance policy even though the policy had been acquired several years after the entry of the judgment of divorce. Further, the record does not support the defendant's assertion that the plaintiff was guilty of laches. However, it was error for the trial court to grant summary disposition for the plaintiff without first considering whether the defendant had a superior equitable interest in the proceeds of the policy because of her alleged payment of the premiums on the policy from her own funds without knowledge of the decedent's obligation to maintain a policy in favor of the plaintiff.

Reversed and remanded.

*Butzel Long, P.C.* (by *Edward D. Gold* and *Susan K. Friedlaender*), for the plaintiff.

*Bassey & Selesko, P.C.* (by *Robert C. Zack*), for the defendant.

Before: Gribbs, P.J., and Michael J. Kelly and
Reilly, JJ.

Per Curiam. Defendant appeals as of right from
a circuit court order granting plaintiff's motion for
summary disposition pursuant to MCR 2.116(C)(10)
in an action to determine plaintiff's rights to pro-
ceeds from a contract of insurance on the life of
Stanley C. Brandt, now deceased. We reverse and
remand.

Mr. Brandt and plaintiff were divorced in Janu-
ary 1979. Pursuant to the terms of the judgment
of divorce, Mr. Brandt was ordered to "maintain a
Fifty Thousand Dollar life insurance policy nam-
ing Plaintiff, CYNTHIA L. BRANDT, as beneficiary."
Neither party contends that at the time of the
divorce there was a life insurance policy purchased
or held by Mr. Brandt that designated plaintiff as
beneficiary. Defendant and Mr. Brandt were mar-
ried in September 1979. Stanley Brandt initially
complied with the terms of the judgment of di-
vorce in November 1979 when he purchased a
$50,000 life insurance policy naming plaintiff as
beneficiary. However, in March 1981, the policy
was canceled. In October 1983, Mr. Brandt pur-
chased another life insurance policy in the amount
of $100,000 and named defendant as the benefi-
ciary.

Upon Mr. Brandt's death in February 1989,
defendant collected life insurance proceeds in the
amount of $100,000. Plaintiff brought this action
in June 1989, seeking to collect $50,000 of the
insurance proceeds pursuant to the judgment of
divorce.[1] Defendant asserted that she had spent

---

[1] Plaintiff brought the action against defendant individually and as
the personal representative of Stanley Brandt's estate. However, in
her motion and verified complaint for a temporary restraining order
plaintiff acknowledged that the estate of Stanley Brandt had not yet

approximately $75,000 of the proceeds to pay for expenses associated with her husband's illness. At plaintiff's request, the trial court issued a preliminary injunction preventing defendant from using any of the remaining proceeds. The court denied defendant's motion to dismiss plaintiff's claim. Subsequently, the court granted plaintiff's motion for summary disposition and ordered that plaintiff was entitled to recover $50,000 from defendant.

A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) where, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment or partial summary judgment as a matter of law. *Featherly v Teledyne Industries, Inc,* 194 Mich App 352, 357; 486 NW2d 361 (1992). A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. The opponent must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Amorello v Monsanto Corp,* 186 Mich App 324, 329-330; 463 NW2d 487 (1990). The trial court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence presented. *Id.* Giving the benefit of reasonable doubt to the nonmovant, the trial court must determine whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Featherly, supra.*

Defendant argues that the trial court erred in granting plaintiff's motion for summary disposition

been submitted for probate and that defendant had been named in the complaint as the personal representative only as a contingency. It is not clear from the record whether Mr. Brandt's estate was ever submitted to probate or if defendant was ever named as personal representative. However, the arguments of the parties suggest that plaintiff seeks to recover against defendant in her individual capacity. Therefore, we need not consider whether plaintiff could have or should have proceeded against the decedent's estate.

because plaintiff did not have a vested right in the 1983 insurance policy that named defendant as beneficiary. Defendant also claims that she had the superior equitable interest in the insurance proceeds because she used a portion of her inheritance after her father's death to discharge Stanley Brandt's debts, and she agreed to pay the premiums on the policy when Brandt agreed to name her as beneficiary of the 1983 policy.

Initially, we must determine whether, as a matter of law, plaintiff could have any vested interest in the proceeds of the 1983 insurance policy. In the case of *Wiltz v John Hancock Life Ins Co,* 58 Mich App 604; 228 NW2d 484 (1975), this Court addressed a similar issue. In that case, the judgment of divorce provided that the husband was not to change the beneficiary of any life insurance policies under which his first wife was designated as beneficiary at the time of the divorce. Furthermore, the husband was ordered to maintain the life insurance policy. The husband in that case subsequently remarried and, in direct violation of the judgment of divorce, changed the beneficiary on the life insurance policy from his first wife to his second wife. *Id.* at 606. This Court effectively found that the first wife had an equitable interest in the policy. Further, the trial court had authority, under its equitable jurisdiction, to set aside transfers, such as the change in beneficiary, that violate a divorce judgment and to return the parties to the status quo. *Id.* at 608.

We acknowledge that the present case is distinguishable from the situation in *Wiltz,* because in this case there was no life insurance policy naming plaintiff as beneficiary at the time of the divorce. Nor was plaintiff ever named beneficiary of the policy at issue in this case. Nevertheless, having reviewed cases from other jurisdictions

involving factual situations similar to that presented here, we conclude that pursuant to the judgment of divorce, plaintiff was vested with an equitable interest in $50,000 of the proceeds of any insurance policy subsequently purchased by Mr. Brandt on his life.

Plaintiff has presented an uncontroverted affidavit indicating that the parties negotiated and agreed upon a property settlement, including the insurance provision, which was incorporated into the default judgment of divorce.[2] Mr. Brandt was ordered to maintain a $50,000 life insurance policy naming plaintiff as beneficiary. Because neither of the parties claim that there was a $50,000 life insurance policy in existence at the time of the judgment, we read this provision as requiring Brandt to "acquire and maintain" such a policy. See *Equitable Life Assurance Society of the United States v Flaherty*, 568 F Supp 610, 614-615 (SD Ala, 1983). Although Mr. Brandt complied with the judgment of divorce for a short period of time, the life insurance policy in effect at the time of his death named defendant, not plaintiff, as beneficiary. Therefore, we conclude that Mr. Brandt failed to comply with the express terms and intent of the default divorce judgment.

We believe the approach taken in *Travelers Ins Co v Johnson*, 579 F Supp 1457 (D NJ, 1984), is appropriate here. In that case, the judgment of divorce provided that the husband would maintain the policy then in effect and make his wife, as trustee for their children, the primary beneficiary under the policy. The divorce decree also ordered

---

[2] Contrary to defendant's argument on appeal, there is no indication from the language of the judgment of divorce that the parties intended that the life insurance policy should serve only as security for Mr. Brandt's child support obligation. Compare *In re Monreal Estate*, 126 Mich App 60; 337 NW2d 312 (1983), aff'd 422 Mich 704; 375 NW2d 329 (1985).

that if the husband were to leave his employment he would be required to obtain another life insurance policy and name the wife as beneficiary. *Id.* at 1458. The husband left his employment and obtained other employment and a new life insurance policy. However, his second wife, not his first wife, was designated as the beneficiary on the subsequent policy. *Id.* at 1459.

The court in *Travelers* rejected the second wife's argument that the first wife and children of the decedent had no interest in the proceeds of the life insurance policy because the policy was a different one than had existed at the time of the divorce settlement. The court noted:

> Thus, the recovery of the first wife (or children) from a life insurance policy has not been limited to the narrow situation in which the husband *changes* the beneficiary of his existing life insurance policy from the first wife (or children) in contravention to the divorce decree. Rather, courts have found that the first wife (or children) has a superior equitable interest in the proceeds of a life insurance [sic] even when the husband has *failed to act* - by not naming the first wife as a beneficiary and/or by not even acquiring the insurance required by the divorce decree. [*Id.* at 1463; emphasis in original.]

See also *Equitable Life, supra, Rogers v Rogers,* 63 NY2d 582; 483 NYS2d 976; 473 NE2d 226 (1984) (constructive trust imposed in favor of first wife and children where husband allowed life insurance policy to lapse and obtained another policy naming his second wife as beneficiary), and *Nat'l Benefit Life Ins Co v Kelly,* 160 App Div 2d 570; 554 NYS2d 523 (1990) (a promise in a separation agreement to maintain an insurance policy designating a spouse as beneficiary vests in the spouse

an equitable interest in the policy specified that will prevail over the interest of a person in whose favor the decedent executed a gratuitous change in beneficiary). But see *Larson v Larson,* 226 Ga 209; 173 SE2d 700 (1970).

We reject defendant's argument that laches prevented plaintiff from asserting her equitable claim. We cannot find that plaintiff failed to diligently pursue her claim after Mr. Brandt's death. Likewise, there is no support in the record for defendant's allegation that plaintiff knew before Mr. Brandt's death of his failure to comply with the terms of the divorce decree. See *Torakis v Torakis,* 194 Mich App 201; 486 NW2d 107 (1992); *Great American Reserve Ins Co v Maxwell,* 38 Colo App 305; 555 P2d 988 (1976).

However, we believe that the trial court erred in granting summary disposition without determining to what extent, if any, defendant also had an interest in the proceeds of the insurance policy and whether plaintiff's equitable interest is superior to any interest held by defendant.

In *Wiltz, supra,* it was determined that a trial court had authority, pursuant to its equitable powers, to order that the first wife receive the proceeds of a life insurance policy even though the husband, in violation of the property settlement, had named his second wife as beneficiary of that policy. The Court noted that the trial court's power in this regard was "especially true in cases, such as the present one, where there has been no change in position of the subsequently named beneficiary in reliance upon the transfer." *Wiltz, supra,* 608. Additionally, in both *Rogers, supra,* and *Nat'l Benefit, supra,* the courts determined that the first wife had an equitable interest in life insurance proceeds that was superior to the interest of a *gratuitous* beneficiary. However, in *Green-*

*berg v Greenberg,* 264 Cal App 2d 896; 71 Cal Rptr 38 (1968), the court found that a second wife and her son acquired superior title, akin to that of a bona fide purchaser, to the proceeds of a life insurance policy. In that case, the second wife, without knowledge of the first wife's rights under a property settlement, agreed to pay the premiums on life insurance policies in exchange for the husband's offer to name her and their son as beneficiaries.

In this case, defendant presented an affidavit that indicated that she had no knowledge of the insurance provision of the judgment of divorce and that she used funds from her inheritance to pay premiums on the life insurance policy purchased in 1983. Although the argument at the hearing on the motion for summary disposition was somewhat disjointed, defendant essentially argued that she had a superior interest in the proceeds because she was unaware of Brandt's obligation to maintain life insurance for plaintiff and had used her inheritance to pay for premiums for the 1983 policy.

We believe that the trial court erred in granting summary disposition in favor of plaintiff without first considering the extent to which defendant had an interest in the insurance proceeds. Until that issue is resolved, the trial court is unable to determine whether plaintiff's equitable interest in the policy is superior to any interest held by the defendant or to exercise its equitable powers. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.