**GLEN FALLS INDEMNITY CO.,**
Plaintiff,

v.

**Mary W. GOLDEN, Defendant.**

Civ. A. No. 1092–55.

United States District Court
District of Columbia.
Jan. 22, 1957.

Edward Gallagher and Robert W. McChesney, Jr., Washington, D. C., for plaintiff.

Francis W. Hill, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action to reach assets of a decedent's estate claimed to have been misappropriated by the executor of that estate. The suit is brought by the surety on the executor's bond, the surety having made good the defalcation, and therefore being subrogated to the rights of the estate. The assets sought to be reached consist of a residence purchased by the executor and his wife as tenants by the entirety, it being claimed that part of the purchase price of the property was paid with misappropriated funds.

The defendants originally named were the executor and his wife. The former died since the commencement of this action and therefore his widow is the sole defendant.

The proof establishes the following facts. One of the original defendants, Theodore T. Golden, was executor of the estate of Bertha M. Roberts in this Court. He furnished a bond for $50,000 on which the plaintiff in this case was surety. Between April 5, 1948, and August 24, 1953, the executor misappropriated certain funds of the estate, the total of these misapplications amounting in the aggregate to $29,644. In August, 1949, he repaid to the estate a total of $3,565. Additional defalcations, however, took place subsequent to that time. The total net shortage amounted to $25,075.47.

In June, 1948, the executor and his wife, who is the second defendant named in the complaint, purchased as tenants by the entirety a house known as 6404 9th Street in the city of Washington. Both the executor and his wife contributed to the purchase price. Out of the contribution made by the husband the sum of $3,434.78 can be traced as being a part of the proceeds of the misappropriations committed by him.

The arm of equity is long enough and strong enough to reach assets misappropriated by a trustee as far as they can be traced, subject to the limitation that if they get into the hands of an innocent purchaser for value immunity attaches to them. These principles were formulated by Mr. Justice Story in Oliver v. Piatt, 3 How. 333, 400, 11 L. Ed. 622, where the learned Justice stated:

"It is a clearly established principle in that jurisprudence, that whenever the trustee has been guilty of a breach of the trust, and has transferred the property, by sale or otherwise, to any third person, the *cestui que trust* has a full right to follow such property into the hands of such third person, unless he stands in the predicament of a *bona fide* purchaser, for a valuable consideration, without notice. And if the trustee has invested the trust property, or its proceeds, in any other property into which it can be distinctly traced, the *cestui que trust* has his election either to follow

the same into the new investment, or to hold the trustee personally liable for the breach of the trust."

And again Mr. Justice Story states that if part of the funds of the *cestui que trust* has been commingled with other funds exclusively belonging to the trustee in a new purchase or investment, "there may be ground to hold the trust funds in charge *pro tanto* therein". 3 How. at page 402.

There are two defenses adduced against the plaintiff's claim. One is that the amount that the executor restored to the estate in August, 1949, should be credited as against the item of misapplication from which the payment for the real property was made. The theory on which this contention rests is that when partial restitution is made toward a series of misappropriations, the repayment should be credited as against the first defalcation.

■ The Court is of the opinion that this principle is not applicable in this instance. This doctrine applies to a running account between the parties. In that event, the first item credited would be applicable to the first item debited and so forth. This rule, however, should not govern in a misappropriation of funds. In that instance, the injured party is entitled to recover the net amount of the misappropriation, and for that purpose to follow the misappropriated funds into whatever form they may have taken, irrespective of the dates, subject, as stated before, to the limitation that once they get into the hands of an innocent purchaser for value they become immune.

■ The second defense is that the wife was an innocent purchaser for value. The original purchase, however, was made jointly by the executor and his wife. Each contributed to the purchase price. She cannot be deemed to be an innocent purchaser for value insofar as his interest in the property is concerned, which she would have acquired by right of survivorship as a tenant by the entirety.

■■ It is asserted, however, that she purchased his interest. The Court is not convinced that this contention has been established by a preponderance of the evidence. This contention depends entirely on oral testimony concerning an oral statement alleged to have been made by the deceased. Courts lend a reluctant ear to statements as to what a dead man may have said especially when corroboration is lacking, Lea v. Polk County Copper Co., 21 How. 493, 504, 16 L.Ed. 203.

■■ The Court desires to call attention to the fact that the complaint in this instance is predicated on fraud and seeks to impress a trust on the property in question. The charge of fraud has not been sustained. On the contrary, it has been established as a fact that the wife did not know of her husband's defalcations and was not aware of the fact that a part of the money that he was putting into the property came from misappropriated funds. Traditionally equity may, however, adjust its relief to the proof. The Federal Rules of Civil Procedure, rule 54(c), 28 U.S.C.A., have carried this principle into civil actions generally and expressly provide that a party is not bound by his prayer for relief but may receive such relief as the proof shows him to be entitled to.

■ Finally it may be said that even though the wife was not aware of her husband's wrongdoing, nevertheless, she was unjustly enriched by his action. In equity and good conscience she should be required to refund the amount of the unjust enrichment.

■ The Court concludes as a matter of law that the plaintiff is entitled to a lien on this property for the sum of $3,434.78 and that the property should be impressed with a trust in the plaintiff's favor in that amount.

A transcript of this oral decision will constitute findings of fact and conclusions of law in accordance with the Rules.

Counsel may submit a proposed judgment.