463 So.2d 540 (1985)
William David LOWRY, John Lowry, Janet Lowry Copeland and Lynn Lowry Carlson, Appellants,
v.
Mary LOWRY, Appellee.
No. 84-1280.
District Court of Appeal of Florida, Second District.
February 13, 1985.
Carolyn M. Fields of de la Parte & Gilbert, P.A., Tampa, for appellants.
Frances Makemie Toole of Bush, Ross, Gardner, Warren & Rudy, Tampa, for appellee.
GRIMES, Judge.
This case involves a claim for relief predicated upon the theory of unjust enrichment.
Since the court ruled that the appellants failed to state a cause of action, the statement of facts shall be taken from the allegations of the complaint. Appellants are the children of William D. Lowry, Jr., and Glenna Lowry Hobson. The parents were divorced on January 25, 1966. The final decree of divorce incorporated a stipulation of the parents that included the following paragraph:
The Defendant [William D. Lowry, Jr.] agrees that he will keep in force the present insurance policies now existing *541 on his life and will designate as the irrevocable beneficiaries in said policies all of the minor children of the parties.
At the time William D. Lowry, Jr., entered into the agreement regarding the insurance, there were four life insurance policies in existence having a total face value of $40,000. In March of 1971, William D. Lowry, Jr., removed appellants as the beneficiaries of the policies and named his second wife, appellee, as the sole beneficiary. William D. Lowry, Jr., died on March 28, 1980.
On April 29, 1980, appellee received the proceeds of the life insurance policies which William D. Lowry, Jr., had agreed to maintain for the benefit of his children. When appellee refused appellants' demand for the proceeds of the policies, appellants brought this suit for damages. The court granted appellee's motion to dismiss with leave to amend. Appellants conceded that they were unable to allege further facts in support of their position and, as a result, suffered the entry of a final judgment dismissing their action with prejudice.
Appellants contend that appellee has fortuitously obtained the proceeds of the life insurance policies which their father agreed that they should have. Appellee points out that she was guilty of no misconduct and suggests that any cause of action the appellants might have should be asserted against their father's estate.
The appellants' claim does not squarely fit within any of the traditional theories upon which relief is normally granted. Yet, there is substantial equity in their position. According to 66 Am.Jur.2d, Restitution and Implied Contracts § 3 (1973):
The phrase "unjust enrichment" is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly.
The case of Sewell v. Sewell Properties, 159 Fla. 570, 30 So.2d 361 (1947), bears some analogy. There, a deceased father devised property to his brother in trust for his daughter. The brother failed to advise the daughter of the terms of the trust agreement. A few days before his death, the trustee brother conveyed to his wife the property and the proceeds thereof which he held in trust from the estate of his deceased brother. The supreme court held that the daughter had stated a cause of action against the estate of her deceased aunt. The court noted that equity would follow the property constituting the trust even if it had been converted into another species of property so long as it had not passed into the hands of a bona fide purchaser for value.
In Brown v. Hanger, 368 So.2d 63 (Fla. 3d DCA 1979), Dr. and Mrs. Brown owned a parcel of property as tenants by the entirety. After the property was sold, Dr. Brown placed the sales proceeds in an inter vivos trust which he ultimately modified in favor of Elizabeth Hanger. The court ruled that Mrs. Brown was the equitable owner of the trust. The court pointed out that it was irrelevant that Ms. Hanger did not know that the money in the trust came from property owned by Dr. Brown and his wife because she was not a bona fide purchaser for value.
The appellants were clearly third party beneficiaries of the stipulation for insurance entered into between their father and mother. It is likely they would have prevailed if the insurance company had joined them in an interpleader action. See Roxy v. Roxy, 454 So.2d 84 (Fla. 2d DCA 1984); Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966), cert. denied, 194 So.2d 897 (Fla. 1967). Standing alone, the fact that *542 the insurance proceeds have been paid to appellee should not alter the justice of appellants' claim because the appellee was not a bona fide purchaser for value.
We hold that the complaint stated a cause of action. Accordingly, this cause is reversed and remanded for further proceedings.
RYDER, C.J., and SCHEB, J., concur.