463 So.2d 578 (1985)
Christy V. HOLMES, a Minor, by Dorothy E. HOLMES, Her Mother and Next Friend, Appellant,
v.
Chyrel D. HOLMES, Appellee.
No. AW-429.
District Court of Appeal of Florida, First District.
February 19, 1985.
*579 Francine Clair Landau of Inman & Landau, P.A., Jacksonville, for appellant.
Charlene Salgado Haynes, Tampa; and Jack C. Harris, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant, Christy Holmes, appeals a final judgment declining to impose a constructive trust on life insurance proceeds of which appellee is the named beneficiary. We reverse.
Christy's parents, Dorothy E. Holmes and Joseph Holmes, were divorced by final judgment on April 30, 1980. Christy was the only child of the marriage. Pursuant to a stipulation entered into between the parties, in the final judgment of dissolution, the judge ordered:
The husband shall maintain life insurance on himself and shall designate the minor child of the parties irrevocable beneficiary thereof.
The final judgment did not specifically identify the policy to be maintained.
On April 9, 1980, some three weeks prior to signing the stipulation agreement and entry of the final judgment of dissolution, Mr. Holmes changed the beneficiary of a $25,000 policy on his life, which he had carried since 1977, naming his sister, appellee, beneficiary. Mr. Holmes died on September 9, 1980. Thereafter, as beneficiary of the $25,000 policy, appellee received those insurance proceeds. Christy, through her mother and next friend, Dorothy Holmes, filed this suit seeking imposition of a constructive trust against appellee on the insurance proceeds based on the provision of the final judgment.
At trial, the attorney who had represented appellant's mother in the dissolution action testified that he drafted the stipulation agreement between Dorothy and Joseph Holmes at the time of their divorce. By his recollection, the parties were concerned with only one insurance policy in the amount of $25,000. Dorothy Holmes testified that the $25,000 policy in question was the one contemplated by the parties in entering into the stipulation agreement. She stated that she was unaware of any other life insurance policy that Mr. Holmes may have had and she has not received any insurance benefits on behalf of the child as a result of his death.
Appellee presented evidence that a $2,000 policy on Mr. Holmes' life was also in existence at the time of his death. She also testified that he had purchased a $10,000 policy on Christy's life which provided that, upon his death, the premiums would continue to be paid by the company, but Christy would become the owner and the policy would accrue cash value so that by the time Christy reached twenty-one years of age, the policy would have built up an estate of over $9,300 without any cost to Christy. Although the policy on Christy's *580 life was admitted into evidence, the alleged additional $2,000 policy was not produced.
Appellee defends against the constructive trust by asserting that in Florida a constructive trust may be imposed only in circumstances where the person upon whom the trust is sought to be imposed has breached a confidential relationship and acquired some advantage which she should not retain in equity. Appellee correctly relates that no showing has been made that she breached any confidential relationship or participated in any inequitable conduct to obtain the $25,000 life insurance proceeds. However, in Wadlington v. Edwards, 92 So.2d 629 (Fla. 1957), the court declared:
[A] constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations created by one or the other of the parties. The element of intent or agreement either oral or written to create the trust relationship is totally lacking. The trust is "constructed" by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem. (Emphasis supplied).
In Nuveen v. Board of Public Instruction, 88 F.2d 175 (5th Cir.1937), in dealing with a Gadsden County, Florida, bond issue, the court noted that all parties involved had acted in good faith, believing that the actions taken were valid. There, due to a decision of the supreme court, and decisions of the voters at the polls, Nuveen had been deprived of his right to repayment on city bonds. The court stated: "Equity will declare a constructive trust in proportion to the contributions of purchase money."
In the instant case as in Wadlington and Nuveen, although there has been no showing that appellee engaged in any type of fraudulent conduct, undue influence, abuse of confidence or mistake, under the circumstances of this case, it appears that Joseph Holmes at least abused a confidence or made a mistake in failing to provide any life insurance on himself for the benefit of his minor child, as required by the final judgment of dissolution and as was his obvious intention at the time of the drafting of the stipulation agreement. Therefore, equity requires imposition of a constructive trust in this situation, especially in light of the special duty owed by Mr. Holmes to Christy and in light of the public's interest in having a father provide adequate support for his child.
Our determination in this case is supported by cases from other jurisdictions as well. In Gutierrez v. Madero, 564 S.W.2d 185 (Tex.Civ.App. 1978), the court concluded that the former husband committed constructive fraud in violating the divorce decree by changing the names of the beneficiaries of his life insurance policy after entry of a final judgment of dissolution in which he was required to maintain life insurance policies on behalf of his minor children. The court declared that a constructive trust was created for the children and further stated that in determining what life insurance policy to which a final judgment referred, the circumstances surrounding the decree must be considered; that if a judgment is ambiguous, extrinsic evidence may be introduced to explain that ambiguity. The court concluded that the husband's named beneficiary's rights, as a gratuitous transferee, were inferior to the equitable rights of the minor children under the divorce decree. In Hirsch v. Travelers Insurance Company, 134 N.J. Super. 466, 341 A.2d 691 (1975), the court imposed a constructive trust in favor of the decedent's children upon the property of his widow because the decedent had changed beneficiaries after entering into a property settlement which required that the children were to be designated beneficiaries of his life insurance policy. In Wunsche v. Equitable Life Assur. Soc., 551 S.W.2d 84 (Tex.Civ. App. 1977), the court found that a minor had a vested equitable interest in insurance proceeds and imposed a constructive trust on the basis of a property settlement agreement which provided that he would *581 maintain life insurance for the benefit of his minor child.
Under the facts of this case and in light of the above authorities, we find that appellant is entitled to the insurance proceeds in question. The trial judge erred in refusing to impose a constructive trust as to those funds.
REVERSED.
WENTWORTH and THOMPSON, JJ., concur.