529 So.2d 314 (1988)
Angela Rose McCluskey BLANEY, Appellant,
v.
Patty McCLUSKEY, Appellee.
No. 87-1119.
District Court of Appeal of Florida, First District.
July 27, 1988.
*315 J. James Allen, Jacksonville, for appellant.
J. Clark Hamilton, Jr., of Penland, Penland & Pafford, P.A., Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant appeals the trial judge's final order of dismissal with prejudice of count II of her second amended complaint, thereby disposing of her suit against appellee. We reverse.
In count I of her second amended complaint, appellant, who was the first wife of Joseph J. McCluskey, sought judgment against Joseph McCluskey's (McCluskey) estate in the amount of ($110,000), the value of certain insurance policies in existence at the time of her divorce from McCluskey, which were required by the final judgment of dissolution of her marriage to McCluskey to be paid into the McCluskey family trust upon McCluskey's death. In count II, she sought damages against appellee individually, as well as the estate, through the imposition of a constructive trust on the estate assets in the amount of $110,000.
She alleged that McCluskey had allowed the policies in effect at the time of the divorce to be surrendered and in 1983 and 1984 he had purchased two policies with a combined face amount of $150,000, naming as beneficiary appellee Patty McCluskey, his second wife. She further alleged that, upon McCluskey's death in 1985, appellee received the proceeds of those policies, $110,000 of which she claims is subject to imposition of a constructive trust.
The record shows that, in his will, McCluskey stated that he deliberately made no provision for the benefit of his children, who are now no longer minors,
... not because of any lack of love or affection, but because I have heretofore taken out life insurance on my life, naming as beneficiary their mother and knowing that she will use the proceeds of such insurance for her own benefit as well as for the benefit of my said children.
Finding that the facts as alleged by appellant in count II of her second amended complaint do not state a cause of action against appellee individually, the trial judge concluded that he had no basis upon which to impose a constructive trust. Thereupon, he dismissed count II of the second amended complaint with prejudice.
In Holmes by Holmes v. Holmes, 463 So.2d 578 (Fla. 1st DCA 1985), under somewhat similar circumstances, this Court reversed a final judgment in which the trial judge refused to impose a constructive trust upon insurance proceeds. The court, citing Wadlington v. Edwards, 92 So.2d 629 (Fla. 1957), noted that a trust may be constructed by equity:
... to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem.

Citing Nuveen v. Board of Public Instruction, 88 F.2d 175 (5th Cir.1937), the court further recognized that imposition of a constructive trust does not depend upon any showing that the party against whom the constructive trust would be imposed has engaged in any type of fraudulent conduct, *316 undue influence, abuse of confidence, or mistake. In Holmes, the decedent was found to have at least abused a confidence or made a mistake in failing to provide any life insurance on himself for the benefit of his minor child, as had been required by the final judgment of dissolution of his marriage to the party seeking imposition of the trust. Similarly, in the instant case, it appears that McCluskey at least abused a confidence or made a mistake in failing to comply with the final judgment of dissolution requiring him to maintain the life insurance policies naming the McCluskey family trust as beneficiary.
Contrary to appellee's contention, the fact that the Holmes case involved a support obligation for a minor child, unlike the circumstance here, does not alter the equitable consideration that mandates imposition of the constructive trust in the instant case. The pivotal consideration is the abuse of confidence or mistake on McCluskey's part which is clearly alleged in count II of appellant's second amended complaint. Therefore, her complaint does sufficiently state a cause of action for imposition of a constructive trust upon the insurance proceeds, which she has alleged were paid to appellee. Entry of the final order of dismissal of count II in this circumstance was error.
REVERSED.
MILLS and SHIVERS, JJ., concur.