BLUE, Judge.
Herbert Gartley (Herbert) died, leaving a former wife with an unfulfilled property settlement agreement and a widow to whom he had transferred all his assets. As might be expected, this resulted in litigation with the former wife Dorothy G. Gartley (Dorothy) claiming entitlement to assets in the possession of the widow, Rei-ta Gartley (Reita). The trial court entered a summary judgment in favor of Reita, finding that all claims were barred by either the failure to properly pursue the claims in probate or by the statute of limitations. We conclude the trial court erred in granting the summary judgment on Dorothy’s claim seeking to impose a constructive trust on the proceeds of a life insurance policy, but properly ruled as to the remaining claims. We, therefore, affirm in part, reverse in part and remand.
Herbert and Dorothy were divorced in 1982, after a thirty-five year marriage. They stipulated to a property settlement agreement which was incorporated into the final decree. The final decree included a provision requiring Herbert to continue paying the premium on a $100,000.00 life insurance policy written by Prudential Insurance Company of America with Dorothy named as beneficiary. Dorothy asserts that Herbert violated the stipulation and final decree by failing to make required payments, transferring to Reita proceeds from the sale of marital property and changing the beneficiary on the insurance policy in question from Dorothy to Reita.
After Herbert’s death, Dorothy filed a claim in Herbert’s estate and a lawsuit against Reita as personal representative. Upon determining that no assets were available through the estate (all assets of value had been transferred to Reita prior to the death of Herbert), Dorothy did not pursue the lawsuit and it was dismissed for lack of prosecution. Dorothy then included *78 Reita as a defendant in the divorce action and brought claims against her individually and as personal representative of Herbert’s estate.
The trial court entered summary judgment finding that Dorothy’s claims were barred by the provisions of section 733.702, Florida Statutes (1985), which controls and limits claims against decedents, their estates and beneficiaries. On motion for rehearing and clarification, the court further found all claims were barred by the statute of limitations. The trial court correctly determined that any claims against Reita as personal representative were barred as a matter of law, and the record supports the trial court’s ruling that a portion of the claims were barred by the statute of limitations.
We conclude Dorothy’s claim seeking to impose a constructive trust on the proceeds of the Prudential Insurance policy paid to Reita is controlled by Lowry v. Lowry, 463 So.2d 540 (Fla. 2d DCA 1985). In Lowry, the children brought an action for the benefits of their father’s life insurance. The claim was based on a final decree of divorce incorporating a stipulation between their parents that required the father to keep in force certain life insurance policies, naming the children as beneficiaries. The father/ex-husband, in violation of the agreement, removed the children as beneficiaries and named his second wife as sole beneficiary. This court held the children’s complaint stated a valid cause of action. With the exception that Lowry involved the children of the deceased ex-husband rather than the wife, the facts appear indistinguishable from this case.
We hold, even without the decision in Lowry, that a claim against the beneficiary of the insurance policy does not require the filing of a claim in the estate of the deceased insured. Proceeds of life insurance, payable to an individual beneficiary, do not pass through the estate of the deceased. See sections 222.13 and 733.808(4), Florida Statutes (1985). Spohr v. Berryman, 589 So.2d 225 (Fla.1991), the case relied on by the trial court, is not applicable to the claim against the beneficiary of the proceeds of life insurance because the insurance benefits pass outside the estate of the deceased.
Further, the claim for the life insurance proceeds did not, as a matter of law, violate the applicable statute of limitations. Herbert died on March 7, 1986 and Dorothy began these proceedings against Reita on January 26, 1990. This is within the four year statute of limitations provided in section 95.11(3)j, Florida Statutes (1985). It is possible that Dorothy was aware of facts which would place her initial pleading outside the statutory limitations period, but this is not reflected in the record before us.
We conclude the trial court erred in granting a summary judgment which extinguished Dorothy’s claim against Reita individually seeking the benefits of the Prudential Insurance policy. Accordingly, we reverse the summary judgment as it relates to the insurance claim and remand for further proceedings. In all other respects, we agree with the ruling of the trial court and affirm.
DANAHY, A.C.J., and PARKER, J., concur.