POLEN, C.J.
Theresa Terry, the first wife (“first wife”) of the decedent (“former husband”), appeals after the trial court denied her petition for a constructive trust against a home owned by former husband and Tamara Terry, his second wife (“second wife”), at the time of his death. We affirm.
First wife was married to former husband for twenty-two years and had two children by the marriage. The parties *1130 divorced in 1993 with a settlement agreement incorporated into the final judgment of dissolution of marriage. Pursuant to the final judgment, former husband was obligated to maintain a life insurance policy on his life for the benefit of first wife and their children in the amount of $500,000. Specifically, the final judgment required:
17. LIFE INSURANCE: For as long as the Husband is required to pay alimony, and as security thereof, the Husband shall maintain at his own cost and expense, a term of other life insurance policy on his life naming the wife as irrevocable beneficiary at least Two Hundred Fifty [Thousand] dollars ($250,000.00). In addition thereto, for as long as the Husband is required to pay child support, college or any other obligations for the children, as set forth in this Agreement, and as security therefor, Husband shall maintain at his own cost and expense, a term of other life insurance policies) on his life naming the children as irrevocable beneficiaries at least Two Hundred Fifty [Thousand] Dollars ($250,000.00). Notwithstanding anything contained in this Agreement to the contrary, the Husband may, at his option, obtain one single life insurance policy for Five Hundred Thousand Dollars ($500,000.00) so long as the Wife is designated as beneficiary for Two Hundred Fifty Thousand Dollars ($250,000.00) and the children for Two Hundred Fifty Thousand Dollars ($250,000.00) as set forth above. The Husband shall provide Wife with all reasonable and necessary documentation, on an annual basis, so that she can verify that the life insurance coverage exists and remains effective and Husband shall not pledge or encumber said policy or policies in any way.
After the final judgment was entered, former husband married second wife. He did not establish the life insurance policy pursuant to the above final judgment until February, 1997, approximately four months after first wife moved for contempt of court for failure to procure it. This policy contained a two-year uncontestable clause which provided that no life insurance proceeds would be paid if former husband committed suicide within two years of the initial date of the policy. Former husband subsequently committed suicide in November, 1997, and the insurance company refused to pay first wife the proceeds.
First wife then filed a petition for a constructive trust to be imposed against second wife on the proceeds second wife received as death benefits from former husband. These death benefits included $195,000 in proceeds from another insurance policy naming second wife as beneficiary, which was procured from former husband’s employer for one year’s income, and $138,000 in benefits from a retirement plan naming second wife as beneficiary. After learning that second wife already used those benefits to pay off debts, first wife amended her petition to have the court impose a constructive trust on second wife’s marital home in the amount of $500,000.
Following a bench trial involving only the testimony of first wife and second wife, the trial court denied the petition. It found that former husband complied with the final judgment by maintaining the required life insurance policy and that his suicide was not a conscious choice to terminate the policies and, thereby, violate the final judgment. In so finding, the court distinguished the present case from Blaney v. McCluskey, 529 So.2d 314 (Fla. 1st DCA 1988), and Tintocalis v. Tintocalis, 20 Cal.App.4th 1590, 25 Cal.Rptr.2d 655 (1993). First wife moved for rehearing, but that motion was denied. This timely appeal followed.
*1131 We hold that a constructive trust is inappropriate under the facts of this case. Generally, it has been held that a former wife may impose a constructive trust against insurance proceeds awarded to her former husband’s second wife where the former husband violated a court order to maintain a life insurance policy with the former wife named as beneficiary. See Gartley v. Gartley, 622 So.2d 77 (Fla. 2d DCA 1993). In Gartley, however, the second wife benefited from her husband’s failure to fulfill his obligations to the first wife. Because the second wife in this case did not benefit from this policy being ineffective, we conclude that the trial court properly denied first wife’s petition for a constructive trust.
In this respect, we reject first wife’s argument that former husband’s four-year delay in procuring the required life insurance warrants the imposition of a constructive trust against second wife. The record shows that first wife had the right to receive from former husband proof of the insurance coverage so that she could verify the same. She waited, however, three years to move for a contempt order to force him to comply with the insurance requirement. Because first wife could have, with reasonable diligence, forced former husband to procure the insurance earlier, and had she done so, his suicide may not have invalidated her recovery, she should bear the loss. See Shultz v. Sun Bank/Naples, N.A., 553 So.2d 202, 205 (Fla. 2d DCA 1989).
AFFIRMED.
TAYLOR, J., and DAMOORGIAN, DORIAN K., Associate Judge, concur.