TRAVER, D., Associate Judge.
Rita F. Brown, a/k/a Rita F. Poole ("Ms. Brown"), appeals the final judgment entered after a non-jury trial awarding Melinda A. Poole ("Ms. Poole") the proceeds of the General American Life Insurance Policy ("General Policy") purchased by her ex-husband, David V. Poole, M.D. ("Dr. Poole"). Ms. Brown raises four issues on appeal, two of which merit discussion: whether the trial court properly imposed a constructive trust and whether Ms. Poole filed her claims within the statute of limitations. For the reasons stated herein, this Court concludes the trial court properly imposed a constructive trust in Ms. Poole's favor on the General Policy's proceeds. Furthermore, this Court finds that Ms. Poole timely filed her claims for constructive trust and declaratory judgment. Accordingly, we affirm.
After twenty-five years of marriage, Ms. Poole and Dr. Poole divorced in November 2006. Their dissolution final judgment incorporated a marital settlement agreement from October 2006 and required that Dr. Poole pay Ms. Poole $6000 per month in alimony. The parties also agreed that Dr. Poole would secure this requirement by maintaining a $1,000,000 life insurance policy naming Ms. Poole as the irrevocable beneficiary for the duration of his alimony obligation. When he and Ms. Poole divorced, Dr. Poole already maintained the General Policy. It had a face amount of $1,000,000 and named Ms. Poole as its revocable beneficiary.
After the parties executed the marital settlement agreement, but before they divorced, Dr. Poole purchased two additional life insurance policies through a different company. Each policy had a face value of $1,000,000. One named Ms. Poole as the sole beneficiary, while the other designated Dr. Poole's parents as joint beneficiaries. Ms. Poole never knew about either of *710 these policies. Ultimately, Ms. Brown-who became Dr. Poole's third wife in 2013-became the sole beneficiary of both policies. She received their proceeds upon Dr. Poole's death in 2015, and these sums are not a subject of this appeal.
Before he died, Dr. Poole changed the General Policy's beneficiary three times, eventually designating Ms. Brown in 2011. When Ms. Poole sought to claim the General Policy's proceeds, she learned for the first time that she was no longer the beneficiary. Within a month of Dr. Poole's death, she filed suit against Ms. Brown, Dr. Poole's estate, and General American Life Insurance, seeking the imposition of a constructive trust on the General Policy's proceeds, and alternatively, a declaratory judgment that the General Policy's proceeds belonged to her.[1] Pursuant to court order, General American Life Insurance deposited the General Policy's proceeds into the court registry.
The trial court properly imposed a constructive trust on the General Policy's proceeds in Ms. Poole's favor. Agreements relating to life insurance policies like the one Dr. Poole and Ms. Poole reached are both common and permissible in divorce proceedings. See § 61.08(3), Fla. Stat. (2015) ; Cantrell v. Home Life Ins. Co. , 524 So.2d 1063, 1064 (Fla. 5th DCA 1988). By agreeing to designate Ms. Poole as his irrevocable beneficiary during his alimony obligation, Dr. Poole effectively divested himself of his ownership interest in the General Policy. Prudential Ins. Co. of Am. v. Boyd , 781 F.2d 1494, 1497 (11th Cir. 1986) ; Dixon v. Dixon , 184 So.2d 478, 480-81 (Fla. 2d DCA 1966). Thus, his subsequent attempts to name other beneficiaries were nullities. Boyd , 781 F.2d at 1496 ; Dixon , 184 So.2d at 480.
Florida courts have recognized that the imposition of a constructive trust is appropriate in scenarios like this, which "do not squarely fit within the traditional theories." Browning v. Browning , 784 So.2d 1145, 1147-48 (Fla. 2d DCA 2001) ; Blaney v. McCluskey , 529 So.2d 314, 316 (Fla. 1st DCA 1988). Constructive trusts have two objectives: "to restore property to the rightful owner and to prevent unjust enrichment." Provence v. Palm Beach Taverns, Inc. , 676 So.2d 1022, 1025 (Fla. 4th DCA 1996) (citing Abreu v. Amaro , 534 So.2d 771 (Fla. 3d DCA 1988) ). Courts impose constructive trusts either upon property acquired by fraud, or when it is "against equity" that someone who acquired property without fraud should continue to retain possession. See id. (citing Quinn v. Phipps , 93 Fla. 805, 113 So. 419, 422 (1927) ).
Here, there is no assertion that Ms. Brown defrauded Ms. Poole. Indeed, the parties focused their substantive arguments at trial on their respective equitable entitlement to the General Policy's proceeds.[2] Regardless, this Court's legal determination is compelled by Dr. Poole's failure to comply with a valid final judgment from which he never appealed nor sought relief. See Browning , 784 So.2d at 1148. Dr. Poole's acquisition of other life insurance policies, one of which also originally named Ms. Poole as a revocable beneficiary, is irrelevant to this decision. See Boyd , 781 F.2d at 1497.
Furthermore, Ms. Poole timely filed her claims for a constructive trust and declaratory judgment. A four-year statute of limitations governs these claims. § 95.11(3)(p), Fla. Stat. (2015). This time did not begin to run until Dr. Poole's *711 death. See Gartley v. Gartley , 622 So.2d 77, 78 (Fla. 2d DCA 1993) (reversing trial court's refusal to impose a constructive trust in favor of an ex-wife on an ex-husband's life insurance proceeds and finding that the ex-wife timely filed suit within four years of the ex-husband's death).[3] Ms. Brown's claim that the five-year statute of limitations for breach of contract actions applied and began to run when Dr. Poole first breached the marital settlement agreement is misplaced. Ms. Poole could not make any claim on the General Policy's proceeds until Dr. Poole's death, and any demand for a declaratory judgment during his lifetime would not have been grounded in actual, present controversy. See May v. Holley , 59 So.2d 636, 639 (Fla. 1952) (outlining elements of a proper declaratory judgment claim). Had Ms. Poole been aware that Dr. Poole divested her as the beneficiary of life insurance proceeds securing his alimony obligation, she could have pursued remedies in family or civil court. Her unknowing failure to pursue these remedies during Dr. Poole's life, however, does not bar her from a remedy after his death. See Gartley , 622 So.2d at 78. For these reasons, Ms. Poole timely filed her claims to the General Policy's proceeds, and the trial court properly imposed a constructive trust in her favor. Thus, we affirm.
AFFIRMED.
TORPY and LAMBERT, JJ., concur.

Dr. Poole's estate and General American Life Insurance Company are parties to this appeal, but neither entered an appearance.

The issue of the parties' respective equitable entitlement to all or part of the General Policy's proceeds was not preserved for appeal.

Gartley is the only opinion that makes an explicit finding that a four-year statute of limitations applies to this scenario. Other courts, however, have concluded that equitable remedies akin to those sought by Ms. Poole are appropriate in analogous factual situations. See Boyd , 781 F.2d at 1495-97 (entering declaratory judgment where the parties divorced almost eight years before the insured's death, and the surviving ex-wife filed suit two months thereafter); Lowry v. Lowry , 463 So.2d 540, 540-42 (Fla. 2d DCA 1985) (finding equitable relief was permissible when the parties' divorce decree issued fourteen years before the insured's death).