OPINION OF THE COURT
Kaye, J.
In a separation agreement, the decedent promised his first wife to maintain his life insurance policy, which designated her and their children (plaintiffs in this action) as beneficiaries. He breached that agreement when he allowed the policy to lapse and obtained another policy naming a subsequent wife as beneficiary. We hold that under Simonds v Simonds (45 NY2d 233) a constructive trust may be impressed on the proceeds in favor of plaintiffs.
In 1968, decedent Jerome Rogers and plaintiff Susan Rogers entered into a separation agreement which provided for the continuation of decedent’s life insurance policy as follows: “ninth: The Husband promises and agrees to continue in full force and effect his present life insurance policy in the face amount of approximately $15,000.00 with the wife and children as NAMED EQUAL irrevocable beneficiaries.” The agreement was subse *585 quently incorporated into a divorce decree. At the time, decedent’s life was insured for $15,000 through a Travelers Insurance Company group policy issued to Grumman Aerospace Company, decedent’s employer. This coverage terminated in 1970 when decedent left Grumman. He married defendant Judith Rogers in June 1974. From 1970 to 1976, decedent held a number of jobs but there is no indication that his life was insured during this period. In 1976, decedent obtained employment with Technical Data Specialists, Inc., and, by virtue of this employment, his life was insured for $15,000 through a group policy issued by defendant Phoenix Mutual Life Insurance Company. He designated Judith Rogers beneficiary. Jerome Rogers died on April 1, 1980.
Judith Rogers and plaintiffs both notified Phoenix of their intent to claim benefits. Phoenix informed the parties of the dispute on October 17, 1980 and said that it would file an interpleader action if it did not hear from them within 30 days. Subsequently, however, Phoenix communicated with Judith Rogers’ attorney and satisfied itself that the proceeds should be paid to her. On January 9, 1981, it informed plaintiffs’ attorney that it would disburse the benefits to Judith unless within 15 days it was prohibited from doing so by court order. Since no court order was obtained, Phoenix made payment to Judith on February 4, 1981.
Plaintiffs commenced this action to impress a constructive trust on the insurance proceeds. Judith Rogers moved to dismiss the complaint or for summary judgment and Phoenix also moved for summary judgment. Plaintiffs cross-moved for summary judgment against both defendants. Special Term granted defendants’ motions and dismissed the complaint, reasoning that plaintiffs were not entitled to the proceeds because the separation agreement did not address the decedent’s duties in the event of cancellation or lapse of the first insurance policy. The Appellate Division affirmed, without opinion, and this court granted plaintiffs’ motion for leave to appeal. The appeal against Phoenix has been withdrawn.
A constructive trust may be imposed in favor of one who transfers property in reliance on a promise originating in a *586 confidential relationship where the transfer results in the unjust enrichment of the holder (Sharp v Kosmalski, 40 NY2d 119). Accordingly, one who possesses equity in an asset is entitled to restitution of the asset by a subsequent title holder who paid no value even if the latter had no knowledge of the predecessor’s equitable interest (see 5 Scott, Trusts [3d ed], § 462.2; 1 Palmer, Restitution, § 2.20; Lengel v Lengel, 86 Misc 2d 460). In general, it is necessary to trace one’s equitable interest to identifiable property in the hands of the purported constructive trustee (see 1 Palmer, Restitution, § 2.14; Restatement, Restitution 2d, Tent Draft No. 2, § 32); But in view of equity’s goal of softening where appropriate the harsh consequences of legal formalisms, in limited situations the tracing requirement may be relaxed.
In Simonds v Simonds (45 NY2d 232, 237, supra), decedent and his first wife entered into a separation agreement which provided: “ ‘The husband agrees that he will keep all of the policies of Insurance now in full force and effect on his life. Said policies now being in the sum of $21,000.00 and the Husband further agrees that the Wife shall be the beneficiary of said policies in an amount not less than $7,000.00 and the Husband further agrees that he shall pay any and all premiums necessary to maintain such policies of Insurance and if for any reason any of them now existing the policies shall be cancelled or be caused to lapse. He shall procure additional insurance in an amount equal to the face value of the policies having been cancelled or caused to lapse.’ ” After the divorce, the husband remarried and permitted his insurance policies to lapse. However, he acquired three other policies, totaling more than $55,000, which named as beneficiaries his second wife and their daughter. On the husband’s death, and faced with his insolvent estate, the first wife brought an action against the second wife to impose a constructive trust on the insurance proceeds to the extent of $7,000. The court affirmed the grant of summary judgment in favor of the first wife.
As the court noted, a promise in a separation agreement to maintain an insurance policy designating a spouse as beneficiary vests in the spouse an equitable interest in *587 the policy specified, and that spouse will prevail over a person in whose favor the decedent executed a gratuitous change in beneficiary (Stronge v Supreme Lodge, Knights of Pythias, 189 NY 346; Locomotive Engrs. Mut. Life & Acc. Ins. Assn. v Locke, 251 App Div 146, affd 277 NY 584). The first spouse’s superior right to the insurance proceeds will not necessarily be defeated simply because the insured changes policies or insurance companies instead of beneficiaries. The court explained that “inability to trace plaintiff’s equitable rights precisely should not require that they not be recognized” (Simonds v Simonds, 45 NY2d 233, 240, supra; see, also, Appelman v Appelman, 87 Ill App 3d 749; McKissick v McKissick, 93 Nev 139). The need to relax the tracing requirement in exceptional circumstances has been acknowledged in a tentative draft of the Restatement of Restitution, Second: “If the holder of property has acquired it as a replacement for another asset of known value, and owes restitution to a claimant who could have enforced against the holder an agreement to preserve or replace that asset, a constructive trust or an equitable lien will be imposed on the holder’s interest according to § 30 and clause (e) of § 32” (Restatement, Restitution 2d, Tent Draft No. 2, § 33, subd 2; see, also, Comment c thereto).
Defendant Rogers argues that Simonds is distinguishable because the separation agreement there obligated the husband to procure additional insurance in the event of lapse — an obligation not explicitly set forth in the agreement here. But the existence of such a provision was not the articulated basis of the Simonds decision. The “additional insurance” language in the agreement in Simonds did not and could not identify a specific res as subject to the first wife’s superior right. It simply made the persistence of the equitable interest “all the more evident” (Simonds v Simonds, 45 NY2d 233, 239, supra). The survival of the equitable interest is also evident here. No less than in Simonds, what was certainly the contemplation of the parties, embodied in paragraph ninth of their separation agreement, was the promise that decedent would maintain or replace a $15,000 life insurance policy, and not a promise that would persist only so long as he remained an employee of Grumman. Both life insurance policies were *588 obtained by virtue of decedent’s employment, both were in the amount of $15,000, and there is no indication that decedent maintained any other life insurance during the respective terms of the policies. He maintained one $15,000 life insurance policy while an employee of Grumman and, after that had lapsed, maintained a later $15,000 life insurance policy while an employee of Technical Data Services. Thus, despite the time period between the lapse of the Travelers policy and the issuance of the Phoenix policy, the latter may properly be considered a fulfillment of decedent’s implied promise to replace the former. To find that decedent had escaped the obligation imposed upon him by the separation agreement simply because of the absence from the agreement of words specifically addressing the cancellation of the first policy, when the intendment is plain, would be to erect a legal formalism and defeat an essential purpose of equity.
The Simonds decision itself evinced the court’s rejection of defendant’s position by its criticism of Rindels v Prudential Life Ins. Co. (83 NM 181), a case conceded by defendant at Special Term to be “almost identical” to the situation here. In Rindels, the husband agreed to “maintain his present life insurance policy and/or policies setting out the minor children as beneficiaries thereunder.” The husband was then insured under a group policy through his employer. However, the husband changed jobs and became insured under a new group policy issued by a different carrier. The Rindels court refused to impress a constructive trust on the proceeds and emphasized that the case involved not a mere change of beneficiary or substitution of policies but a completely new policy which arose from a change of employment. Simonds criticized Rindels because it relied “heavily on formalism and too little on basic equitable principles”. (45 NY2d 233, 243, supra.) Notably, this court did not distinguish Rindels because there had been no express provision in the agreement for future insurance policies.
In opposing plaintiffs’ request for summary judgment, defendant in this court relies exclusively on the absence from the separation agreement of specific provision governing after-acquired policies. Accordingly, the order of the *589 Appellate Division should be reversed, with costs, defendant Judith Rogers’ summary judgment motion denied, and plaintiffs’ cross motion for summary judgment granted.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order reversed, etc.