■ In the Matter of JAMES H. GOODFRIEND, Deceased. PHYLLIS P. GOODFRIEND, Appellant; ALAN BROCKMAN et al., Respondents.—In a proceeding, inter alia, to compel the coexecutors of the estate of James H. Goodfriend, deceased, to render an accounting, the petitioner appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Queens County (Laurino, S.), dated April 20, 1988, as granted the respondents' motion for summary judgment, dismissed her application, inter alia, for an accounting, and dismissed her other claims against the estate.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the respon-

dents' motion which was for summary judgment dismissing the petitioner's claim with respect to Unionmutual group policy No. 79-220, and substituting therefor a provision denying that branch of the motion, and, upon searching the record, granting that claim against the estate; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter remitted to the Surrogate's Court, Queens County, for further proceedings consistent herewith.

The petitioner is the former wife of the decedent, James H. Goodfriend. She brought this accounting proceeding contending, *inter alia,* that the decedent, in contravention of a separation agreement between them, failed to maintain two life insurance policies having a combined face value of $145,000.

The separation agreement provides, *inter alia,* that: "the husband shall keep in full force and effect the policies of insurance on his life indicated as belonging to the husband in Schedule B, annexed hereto (i.e. other than those policies indicated thereon as being furnished by the Husband's law firm which such policies will be maintained only so long as the Husband remains with such firm and such firm elects to continue to furnish such policies) and the Wife shall remain as the beneficiary on those policies".

The agreement further provides that if the husband failed to comply with the provisions of this paragraph, his estate shall be liable and his wife shall have a creditor's claim for any amounts not paid to her.

There are two policies in issue here, viz., a policy from Connecticut Mutual Life, No. 3,070,943, which was a declining benefit policy, expiring on April 26, 1984, and a policy from Unionmutual furnished to the decedent through the law firm of which he was a partner. Approximately one month after the separation agreement was signed, the decedent's law firm switched carriers from Unionmutual to the Metropolitan Life Insurance Company. A new policy issued by the Metropolitan Life Insurance Company was obtained, which was in all material respects identical to the Unionmutual policy. At that time of the change in carriers, the decedent changed beneficiaries.

In this proceeding, the Surrogate concluded, *inter alia,* that the decedent had not breached his obligations under the agreement with respect to either policy. Although we agree with the Surrogate that the question involved is one of law, to be resolved on a motion for summary judgment *(cf., Chimart*

*Assocs. v Paul,* 66 NY2d 570; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285), we find that the substitution of the policy from the Metropolitan Life Insurance Company did not defeat the petitioner's rights under the agreement, and modify accordingly.

It is evident that the decedent remained a member of the law firm of which he was a partner, and the firm agreed to continue "such policies". Indeed, in support of the motion for summary judgment, a member of the decedent's firm, who was also an executor, explicitly stated that the "law firm did * * * continue to furnish *such insurance* through other insurers" (emphasis supplied). The substitution of one carrier for another did not authorize the decedent to eliminate the petitioner as a beneficiary *(see, Rogers v Rogers,* 63 NY2d 582; *Simonds v Simonds,* 45 NY2d 233).

The Connecticut Mutual policy, however, was a term policy with a declining benefit, and expired in 1984. The decedent complied with his obligation to keep this policy in full force and effect, and the petitioner's claim with respect to this policy was properly dismissed. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.