■ NATIONAL BENEFIT LIFE INSURANCE COMPANY, Plaintiff, v ELEANOR N. KELLY, Appellant, and CAROL A. KELLY, Respondent.—Order, Supreme Court, New York County (Diane S. Lebedeff, J.), entered November 9, 1988, which denied defendants', Eleanor Nimmons Kelly and Carol Ann Kelly, cross motions for summary judgment and directed venue of the action be transferred to Queens County, unanimously modified on the law and the facts, to grant summary judgment to defendant Eleanor Nimmons Kelly in the amount of $33,333.33 and to vacate the change of venue, and otherwise affirmed, without costs.

In this interpleader action to determine entitlement to certain life insurance proceeds, defendants are claimants to a $50,000 insurance policy issued on the life of Ronald E. Kelly, Jr., who died in 1986. In 1984, defendant Eleanor Nimmons Kelly and the deceased were divorced by a judgment entered in Queens County. The judgment of divorce incorporated the parties' stipulation of settlement pursuant to which Ronald Kelly agreed to maintain an irrevocable life insurance policy in the amount of $100,000, naming Eleanor Kelly as beneficiary and containing the further provision "that there can be no greater than a total of three joint beneficiaries under said policy, including the wife." Kelly took out a policy in the amount of $50,000 and named Eleanor as beneficiary. However, in violation of the agreement, Kelly never increased the amount of the policy and, after marrying defendant Carol Ann Kelly, substituted his new wife as beneficiary.

Eleanor Kelly claims entitlement to the entire proceeds of the policy while Carol Ann Kelly seeks an equal division of the proceeds. The Supreme Court denied both defendants' cross motions for summary judgment on the ground that issues of fact existed with regard to Eleanor's receipt of certain death benefits and because the stipulation of settlement in the divorce action was ambiguous as to the proceeds to be received by the respective parties. The court also transferred venue of the action to Queens County since it concluded that the proceeding was based on a Queens County judgment.

We disagree with the conclusions reached by the Supreme Court. "[A] promise in a separation agreement to maintain an insurance policy designating a spouse as beneficiary vests in

the spouse an equitable interest in the policy specified, and that spouse will prevail over a person in whose favor the decedent executed a gratuitous change in beneficiary" *(Rogers v Rogers,* 63 NY2d 582, 586-587; *see also, Simonds v Simonds,* 45 NY2d 233). It is undisputed that Eleanor Kelly is entitled to a constructive trust on the proceeds of the insurance policy by virtue of the stipulation of settlement. Although the agreement entitled her to the proceeds of a $100,000 policy, it also permitted the deceased to name two joint beneficiaries in addition to his former wife. Pursuant to the terms of the stipulation, Eleanor Kelly is entitled to a one-third interest in a $100,000 policy. Therefore, she is entitled to summary judgment in the amount of $33,333.33 with the remainder to be paid to Carol Ann Kelly.

Eleanor Kelly's receipt of $5,000 in benefits upon the death of her ex-husband from the Subway Service Supervision Association does not create an issue of fact precluding summary judgment on the issue of entitlement to the life insurance proceeds. It has not been established that the death benefit paid to the first wife was tantamount to, or in lieu of, any proceeds due under the life insurance policy.

Since a change of venue was neither requested nor warranted, it was also error to transfer the matter to Queens County (CPLR 510). Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.