■ ARTHUR M. LEBOVITZ et al., as Guardians of CHASE P. R. CAMPBELL, an Infant, Respondents, v INGRID A. CAMPBELL, Individually and as Administratrix of the Estate of THEODORE F. CAMPBELL, Deceased, et al., Appellants. [628 NYS2d 839] —Mercure, J. P. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 7, 1994 in Saratoga County, which partially granted plaintiffs' motion for summary judgment.

Under the terms of a September 11, 1986 matrimonial settlement agreement between plaintiff Holly G. Repine and Theodore F. Campbell (hereinafter decedent), decedent agreed to name the parties' child, Chase, as irrevocable beneficiary of a $50,000 Metropolitan Life Insurance policy then owned by decedent, until such time as Chase died, reached the age of 21 years or was sooner emancipated. It is undisputed that the life insurance policy referred to in the parties' settlement agreement lapsed due to nonpayment of premium on October 26, 1987, that decedent died intestate on March 6, 1990 survived by Chase and defendants, decedent's two children of a prior marriage, and that Chase was then only four years old. Accordingly, plaintiffs brought this action, asserting, *inter alia*, a cause of action against defendant Ingrid A. Campbell, in her capacity as administratrix of decedent's estate, to recover $50,000 on Chase's behalf, as a third-party beneficiary of the matrimonial settlement agreement. Following joinder of issue, plaintiff moved and defendants cross-moved for summary judgment. Supreme Court granted summary judgment, *inter alia*, in favor of plaintiffs on their contract cause of action, and defendants appeal.

We affirm. The defense to plaintiffs' first cause of action is predicated upon the fact that each of decedent's children was a one-third beneficiary of group life insurance and stock distribution and voluntary investment plans provided as benefits by decedent's employer, 3M Company, from which Chase received a combined total of $39,961.62. Relying upon the decisions of the Court of Appeals in *Simonds v Simonds* (45 NY2d 233) and *Rogers v Rogers* (63 NY2d 582), defendants contend that these insurance and death benefits constituted substitute insurance

policies, substantially fulfilling decedent's obligation under the matrimonial settlement agreement. We disagree. In each of the cited cases, the Court of Appeals utilized constructive trust analysis to permit the former spouse's equitable interest to attach to a *subsequently issued* insurance policy that could be arguably identified as a substitute or replacement for the lapsed policy that was the subject of the parties' agreement. In the present case, the employee benefits supposedly constituting the "substitute" policy actually predated the settlement agreement forming the basis for plaintiffs' action and, thus, could not be considered a substitution or replacement, even employing a "relaxed" tracing requirement (*see, Rogers v Rogers, supra*, at 586-587; *Simonds v Simonds, supra*, at 240). We also note that the cited cases represent the Court of Appeals' invocation of fundamental equity principles to create an appropriate remedy where none would otherwise exist, not to limit or defeat a claim, as defendants endeavor to do here. In the absence of any persuasive authority for the extreme position advanced by defendants, we conclude that Supreme Court properly granted plaintiffs summary judgment on their contract cause of action. Defendants' further arguments have been considered and found similarly meritless.

Crew III, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.