■ MICHAEL W. APPELBAUM, Appellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent and Third-Party Plaintiff-Respondent. JUDY HERMAN, Third-Party

Defendant-Respondent. [708 NYS2d 409] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about May 5, 1999, which granted the motion by defendant and third-party plaintiff Massachusetts Mutual Life Insurance Company for summary judgment on plaintiff's sixth cause of action and the third cause of action in the third-party complaint to the extent of declaring that Massachusetts Mutual Life Insurance is required to maintain third-party defendant Judy Herman as a $100,000 beneficiary under plaintiff's life insurance policy, unanimously affirmed, with costs.

Plaintiff, in attempting to remove his former wife, the third-party defendant, as a beneficiary under his life insurance policy, focuses upon the absence in the parties' separation agreement of an express requirement relating to the duration of his obligation to maintain an insurance policy, as well as upon the fact that the agreement does not name defendant insurance company as the mandated insurer and that the policy does not limit his ability to change beneficiaries. Plaintiff, however, ignores the clear legal authority prohibiting him from unilaterally removing his former spouse as a beneficiary (*see*, *Rogers v Rogers*, 63 NY2d 582, 586; *Simonds v Simonds*, 45 NY2d 233, 239; *National Benefit Life Ins. Co. v Kelly*, 160 AD2d 570). Plaintiff may not, by placing the onus of resisting any change in beneficiaries exclusively upon defendant, attempt to circumvent his former wife and thereby avoid his duty under the separation agreement to "maintain and keep in full force and effect," in her favor, a death benefit in the amount of $100,000. Moreover, it must be presumed that had the parties intended that their obligations under the separation agreement, each to maintain a life insurance policy for the benefit of the other, were to terminate upon the remarriage of third-party defendant, the agreement would have included a provision to that effect. Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.