**In re Dennis SZEWCZYK and Michelle Szewczyk, Debtors.**

**No. 03–12622 B.**

United States Bankruptcy Court, W.D. New York.

March 31, 2004.

Zdarsky, Sawicki & Agostinelli (Mark J. Schlant, Esq., of counsel), Buffalo, NY, for Trustee.

Denis A. Kitchen, Jr., Esq., Williamsville, NY, for Debtors.

CARL L. BUCKI, Bankruptcy Judge.

The Chapter 7 trustee has objected to the claim of an exemption with respect to reciprocal policies of life insurance. At issue is whether these policies acquired an exempt status by reason of an agreement to change the beneficiary from the name of the spouse to that of the debtors' children.

Dennis and Michelle Szewczyk were separated but still married when they filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on April 11, 2003. On that date, each was the owner of one or more policies of insurance on his or her own life. Each of these policies designated the spouse as beneficiary. Less than one month prior to their bankruptcy, however, Mr. and Mrs. Szewczyk had executed a Property Settlement Agreement. Paragraph 8 of this Agreement essentially required both spouses to designate their children "as the irrevocable beneficiaries of said life insurance policies." Unfortunately, the debtors had neglected to effect this change of beneficiary at the time of their bankruptcy filing.

In *In re Trautman,* 296 B.R. 651 (Bankr.W.D.N.Y.2003), I recognized that in determining the exempt status of reciprocal policies of life insurance, this court was bound by the decision in *In re Teufel,* No. 02–CV–81S, slip op. at 8 (W.D.N.Y. Sept. 24, 2002). *Teufel* was a joint bankruptcy case in which the husband and wife each owned, with respect to their own lives, a policy of life insurance that designated the other as beneficiary. The District Court held that although New York Insurance Law § 3212(b)(1) created an exemption for insurance as against claims of the owner's creditors, the statute did not insulate the cash value of a life insurance

policy from claims of a beneficiary's creditors. In a joint case, therefore, the bankruptcy estate would include each reciprocal policy of insurance as a non-exempt asset of the beneficiary.

■ As a general rule, a debtor may exempt a policy of life insurance that the debtor owns on his own life for the benefit of a non-debtor. When the beneficiary of a reciprocal policy is a co-debtor spouse, however, the holding of *Teufel* will deny that exemption as to the beneficiary's interest. In objecting to the Szewczyks' claim to an exemption, the trustee in the instant matter contends that the debtors are the owners of reciprocal policies of insurance that are subject to his administration on behalf of the creditors of the beneficiary spouse. The Szewczyk's respond that by reason of the Property Settlement Agreement, their children have become equitable beneficiaries. Because the rights of the beneficiary now belong to someone other than one of the debtors, they contend that the insurance policies are fully exempt.

The debtors base their claim of exemption on the following provision of the Insurance Law:

> If a policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, *or made payable otherwise to a third person,* such third person shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance.

New York Insurance Law § 3212(b)(1)(McKinney 2000) (emphasis added). If this provision were limited to policies issued in favor of a third person beneficiary, then the decision in *Teufel* might intervene to preclude an exemption in the present instance, where a joint debt-

or is that beneficiary. However, section 3212(b)(1) also applies to policies "made payable otherwise to a third person." Here, those third persons are the children of the debtors.

Determining the outcome of the present dispute is the decision of the New York Court of Appeals in *Rogers v. Rogers*, 63 N.Y.2d 582, 483 N.Y.S.2d 976, 473 N.E.2d 226 (1984). This case involved a separation agreement in which a husband promised to maintain life insurance for the benefit of his children and former wife. The husband "breached that agreement when he allowed the policy to lapse and obtained another policy naming a subsequent wife as beneficiary." *Id.* at 584, 483 N.Y.S.2d 976, 473 N.E.2d 226. In a suit by the first wife, the Court impressed a constructive trust upon the proceeds of the replacement policies. In the present instance, the imposition of a constructive trust on behalf of the children is even more compelling, in as much as the affected policies are still extant.

■ Each of the debtors is the owner of a policy of insurance that he or she has effected on his or her own life. Under New York law, by reason of the Property Settlement Agreement, the children of the debtor now enjoy an equitable interest that they may enforce by means of a constructive trust, to assure that the policies are "made payable otherwise" to them. Accordingly, the policies of insurance are exempt.

The trustee contends that a recovery of cash value does not preclude a retention of the policies with redesignation of beneficiary. That, however, is not the test of exemptibility under Insurance Law § 3212(b). Otherwise, the cash value of every insurance policy would be subject to bankruptcy administration. Rather, the issue is whether the policy is effected "in

favor of a third person beneficiary, or made payable otherwise to a third person." This being the circumstance in the present case, the trustee's objection to the claim of exemption is overruled.

So Ordered.