MARION ROSE, Respondent-Appellant, v GARY ROSE et al., Appellants-Respondents. [898 NYS2d 889]—In an action, inter alia, to impose a constructive trust on certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 22, 2009, as denied their cross motion, in effect, for summary judgment dismissing the third cause of action, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her motion for summary judgment on the third cause of action.

Ordered that the order is affirmed, without costs or disbursements.

In the third cause of action, the plaintiff seeks to impose a constructive trust upon real property which was acquired in 1981 by her husband, now deceased, and which he transferred in 2000 to the defendants Gary Rose and Doreen Rose. The elements needed for the imposition of a constructive trust are (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Rogers v Rogers*, 63 NY2d 582, 586 [1984]; *Simonds v Simonds*, 45 NY2d 233, 241-242 [1978]; *Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). Here, the Supreme Court properly determined that neither the plaintiff nor the defendants made a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.