U.S. Equities Corp. v Songsanworn (2024 NY Slip Op 50455(U))

[*1]

U.S. Equities Corp. v Songsanworn

2024 NY Slip Op 50455(U)

Decided on April 15, 2024

City Court Of Buffalo, Erie County

Town, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2024
City Court of Buffalo, Erie County

U.S. Equities Corp., Plaintiff,

against
Jan Songsanworn, Defendant.

Index No. CV-004045-19/BU

Linda Strumpf, Esq.
69 Fox Run
South Salem, New York 10590
for the Plaintiff
Jan Songsangworn
pro se

Rebecca L. Town, J.

BACKGROUND
Plaintiff moves this Court for late entry or default in the amount of $4,745.95 plus statutory interest from August 14, 2003. For the reasons set forth below, Plaintiff's motion is DENIED and Plaintiff is granted thirty (30) days leave to refile its motion.

DISCUSSION
I
THE RULE OF LAW REQUIRES ADHERENCE 
 TO BASIC FORMAL REQUIREMENTS
While New York courts eschew the creation of a technical legal formalism merely for the purposes of defeating "an essential purpose of equity." (Rogers v Rogers, 63 NY2d 582 [1984], it is impossible to entirely divorce form from the administration of jurisprudence. Properly understood, law is an adjudicative process by which human conduct is subject to the governance of rules (see Lon Fuller, The Morality of Law, rev. ed. 106 [1969]). Fuller identifies eight requirements of the rule of law, which this Court adopts: (1) generality; (2) public promulgation, (3) prospectivity, (4) clearness, (5) non-contradiction; (6) laws must not ask what is impossible; (7) constancy (stability); and (8) congruence between the written statute and enforcement of the same (id). While fundamentally disagreeing with Fuller as to the nature of the concept of law, [*2]the celebrated legal positivist H.L.A. Hart himself admitted that Fuller's eight criteria for legal validity amounted to standards of legal efficacy (H.L.A. Hart, Book Review of The Morality of Law, 78 Harvad L Rev 1281, 1285-1286 [1965]). Most critically at stake in this instant motion is Fuller's principle of congruence; failing to enforce the clear and unambiguous language of the CPLR as described below threatens the rule of law which courts must protect in every case.
Guaranteeing the rule of law is the bedrock function of all New York State courts. In People v Hobson, the Court of Appeals ruled that "The ultimate principle is that a court is an institution and not merely a collection of individuals; just as a higher court commands superiority over a lower not because it is wiser or better but because it is institutionally higher. This is what is meant, in part, as the rule of law and not of men." (People v Hobson, 39 NY2d 479, 491 197). Where, as here, a party seeks leave to file a late entry of default upon grounds entirely within the sound discretion of this Court, the Court first reviews whether the basic elements of procedural due processes, and thus the underlying administration of the rule of law, is being satisfied before even considering the equities at stake.
However one views the Hart-Fuller debate regarding the nature of law through the lens of analytic jurisprudence, it is beyond question that courts should demand adherence to basic standards of efficacy and enforce adherence to basic formal requirements where such requirements are both (i) non-ambiguous and (ii) consistent with principles of fundamental fairness and due process of law. Such basic formal standards, by definition, constitute the procedural aspect of due process as a legal concept in and of itself (see Mount St. Mary's Hosp. v Catherwood, 26 NY2d 493, 513 [1970] [holding that adequacy of notice and opportunity to defend are basic procedural due process requirements] [citing PR Hays, The Future of Labor Arbitration, 74 Yale LJ 1018, 1029 et seq. [1965]).
It is beyond reasonable dispute that a requirement that litigant provide opposing parties in motion before a trial court with the legal grounds on which their motion is based is a basic requirement of fundamental fairness and procedural due process that the rule of law requires, and without which constitute jurisdictional defects; it is a basic function of New York trial courts to enforce all such notice requirements. As more fully set forth below, Plaintiff in its instant motion failed to cite its grounds for relief in its instant notice of motion; such failure is grounds for this Court to sua sponte deny the motion ab initio as a jurisdictional defect upon which the Defendant has been denied procedural due process as required by the rule of law.

 II
PLAINTIFF FAILED TO SATISFY THE BASIC NOTICE REQUIREMENTS 
 UNDER CPLR 2214 (a)
New York law provides, in relevant part, that "A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor. Relief in the alternative or of several different types may be demanded" (CPLR 2214 [a]). A motion made where the notice of motion paper plainly fails to allege the statute or section of law upon which the requested relief is made is void ab initio as failing to comport with basic procedural due process requirements; this Court is empowered to deny the relief sua sponte.
Here, Plaintiff's instant notice of motion seeks "an order directing the entry of judgment [*3]in favor of the plaintiff and against the defendant for the relief demanded in the complaint, and for such other and further relief as this Court may deem just and proper." A full review of the Plaintiff's moving papers indicates that due to a "labor shortage" in the office of Plaintiff's counsel, "the undersigned had great difficulty in replacing her, and that took many months." Plaintiff's affirmation in support of its instant motion admittedly pleads law office failure as an excuse for an otherwise untimely application for default judgment, seeking default in the amount of $4,747.95 plus statutory interest from August 24, 2003. Yet, nowhere in the notice of motion does Plaintiff cite the correct legal or equitable grounds for default judgment, or entry of default judgment on the basis of law office failure, further compounding the ongoing errors in this case. Hence, Plaintiff's instant notice of motion is jurisdictionally defective ab initio as Defendant has not been given proper notice of the pending litigation.
In view of the plain fact that Plaintiff's notice of motion is defective ab initio, Defendant was not obligated to take any position; hence, this Court need not address Plaintiff's specious argument to permit a late entry of default based upon law office failure.

 CONCLUSION
For the foregoing reasons, Plaintiff's instant motion for default judgment is DENIED and Plaintiff is hereby given leave of thirty (30) days to refile a motion for default judgment. It is so ordered.
E N T E R
DATED: April 15, 2024
Buffalo, New York
Hon. Rebecca L. Town
Buffalo City Court Judge